Marshall, Ch. J.,
 

 delivered the opinion of the court as follows, viz : — In this case, objections have been made to the jurisdiction of the circuit court, and to the proceedings in that court.
 

 The point of jurisdiction made by the plaintiffs in error is considered as free from all doubt. By appearing to the action, the defendants in the court below placed themselves precisely in the situation in which *they
 
 r^^g
 
 would have stood, had process been served upon them, and consequently, waived all objections to the non-service of process. Were it otherwise, the duty of the circuit court would have been to remand the cause to the state court in which it was instituted, and this court would be bound now to direct that proceeding.
 

 As little foundation is there for the exception taken to the manner in which the circuit court was constituted. That court consists of two judges, any one of whom is capable of performing judicial duties. So, this court consists of seven judges, any four of whom may act. It has never been supposed, that the death of three of the judges would disqualify the remaining four from discharging their official duties, until the vacant seats of their
 
 *256
 
 departed brethren should be filled. There is nothing in the peculiar phraseology of that part of the judicial act which establishes the circuit courts, that requires a different construction of the words authorizing a single judge to hold those courts, from what is usually given in other cases, to clauses authorizing a specified number of justices to constitute a court.
 

 The exceptions taken to the proceedings of the circuit court are more serious. These are, 1. To the pleadings. 2. To the opinions of that court, admitting certain testimony in support of the action.
 

 The objections to the pleadings are, that the different parts of the declaration are z-epugnant to each other ; and that the declaz-ation is itself insufficient, as the foundation of a judgment. In deciding on so much of this objection as depends on the laws of Connecticut, this court would certainly be guided by the construction given by that state to its own statute; and, if it was indispensably necessary now to decide that question, the evidence in favor of the construction maintained by the defendants in error would seem to pz-epondez-ate.
 

 * Another objection taken to the declaration is, that it ought to have alleged a disseisin of the plaintiffs below, in order to enable them to maintain their action. On this part of the case, the court can only consider whether the declaration, in itself, unconnected with the testimony which was adduced to support it, is so radically defective, that a judgment cannot be rendered on it. This leads to the inquiry, whether the covenant of the vendors can be broken, as stated in the declaration, although no eviction has taken place ; and the court is of opinion that it may be so broken. 9 Co. 60.
 

 The covenant is, that the vendor is seised in fee of the premises which he sells and conveys. Suppose, the fact to be, that he had no title, nor pretence of title, to those premises ; that he had conveyed lands for which he had never received a patent or a title of any kind. Could it be said, that his covenant that he was seised in fee remained unbroken, until the real proprietor should think proper to eject the vendee ? This question, in the opinion of the court, must be answered in the negative. The testimony which would be sufficient to establish the breach assigned may be a subject for serious consideration, but on the sufficiency of the breach, as assigned to support a judgment, there is no doubt.
 

 The exceptions to the testimony admitted in the circuit court consists of two parts. 1st. To the admission of certain copies of surveys made for Wilson Carey Nicholas, connected with the testimony of Erastus Granger, describing the face of the country on which the surveys purported to be made. 2d. To the admission of parol testimony to prove prior titles to the lands conveyed in the deed on which this suit was instituted.
 

 1. The surveys of Wilson Carey Nicholas, and the explanatory testimony of Granger, were introduced for the purpose of showing that the patent for the lands sold by Pollard and Pickett was void, because it issued on a *4311 *Plat representing a survey which, in point of fact, could not have J been made.
 

 In examining this exception, it becomes proper to inquire, what was the real issue between the parties. The plaintiffs below averred in their declaration, that the defendants were not seised and possessed of any estate whatever in the land and premises, nor in any part thereof, nor had they, or
 
 *257
 
 either of them, good right and lawful authority to sell and convey the same. The defendants, in their plea, do not set forth their title, hut say, generally, that they were seised of the land sold and conveyed by them, and had good right to sell and convey the same, as is expressed by their deed. On this plea, an issue is tendered, which is joined by the plaintiffs.
 

 To prove that the survey on which the patent granting the lands to the defendants was issued, could not have been made, the plaintiffs produced two other surveys made by the same person for Wilson Carey Nicholas, which were • said to be completed only two days succeeding the completion of the survey of the defendants, which three several surveys could not possibly have been made in the time intervening between the entries in the surveyor’s office and the day on which they are alleged to have been completed, whence the jury might conclude that the survey of Pollard and Pickett was not made. The surveyor was a sworn officer, and his survey was returned upon oath. This is an attempt to invalidate the evidence derived from his official return, by a particular fact which has no relation to the cause before the court, and with which the parties to this controversy have no connection. Had it even appeared, that the copies offered in evidence were authenticated, they would, on this account, have been inadmissible.
 

 This whole testimony is inadmissible on other ground. Were it even true, that this patent is voidable, if the surveyor had not run round all the lines of the land, a *point not yet established, it cannot be deemed ab- r*4g2 solutely void ; it cannot be deemed a mere nullity. While it remains *- in force, it is a valid title, and vests the fee-simple estate in the patentee. In this action, and on the trial of this issue, the question whether the patent be voidable by Virginia or not, is not properly examinable. Testimony, therefore, tending to establish that point, is irrelevant and inadmissible.
 

 2. But had the court entertained any doubt on this point, the second part of the exception would be clearly decisive with regard to this judgment. Parol testimony is admitted to show prior claims to the land in controversy. The defendants in error attempt to defend the admission of this testimony, by supposing it auxiliary to other testimony which had previously established the validity of those claims, and that this witness was only adduced to show that those claims covered this land. Had the fact supported the argument, a private
 
 ex parte
 
 survey would have been a very improper mode of establishing it; but the language of the exception excludes that construction of the opinion which the counsel for the defendants in error would put upon it. The proof offered and admitted is, not that those particular titles which were exhibited and proved to the court covered the land conveyed by Pollard and Pickett, but “ that there were prior claims upon it to the amount of upwards of 90,000 acres.” The prior claims rest upon the oath of the witness. If those claims were valid, their validity was established by his testimony, which cannot be tolerated on any legal principle ; if they were mere claims, not good titles, they ought not to have been stated to the jury. They were irrelevant to the point in issue.
 

 Upon the whole, the court is unanimously of opinion that the circuit court erred, in permitting the copies of surveys made for Wilson Carey Nicholas, and the testimony of Erastus Granger, to go to the jury p43g for the purposes mentioned in the bill of exceptions, and ’"that the L
 
 *258
 
 judgment of the circuit court must, on that account, be reversed, and the cause remanded for a new trial,
 
 (a)
 

 Judgment reversed.
 

 (a)
 

 After the opinion of the court was delivered,
 
 Lee
 
 prayed that the cause might be remanded, with leave for the defendants below to amend their pleadings.
 

 Tjie Court said, that the court below had the power to grant leave to amend, and this court could not doubt but it would do what was right in that respect.