Mr. Justice HUNT
 

 delivered the opinion of the court.
 

 In the view we take of this case it is not necessary to examine the alleged irregularities in the conduct of the suit or the alleged'defects in its commencement. Without intending, in fact, to decide those points, it-may be assumed, as is argued by the plaintiff’ in error, that there was not that notice of the proceedings required by the laws of Colorado.
 
 *11
 
 It may be assumed also that in making a claim of damages for $5563 only in the writ of attachment, and in making a claim for $8000 in the declaration, an error was committed. It is insisted that in consequence of this claim in the writ the party would have been justified in assuming that no judgment for a larger amount would be taken against him; and that great injustice might have been done to him. We do not find that the respectable counsel claims that any injustice has actually been done.
 

 But we are of-the opinion that there has been no opportunity for the commission of injustice. We find the facts in this respect to be as follows:
 

 After the execution of. the writ of attachment the plaintiff filed his declaration claiming damages to the amount of $8000, giving the items of the claim. After this time, viz., on the 12th day of October, the defendant appeared in the suit by his counsel, Messrs. Charles and Elbert. The appearance was general, and, “thereupon,” as the record says, on motion of the plaintiff’s attorney, the' defendant was ruled to plead in ten days.
 

 Within the ten days, in which an order to plead had been entered, upon, or upon the faith of, or in consequence of their appearance, the attorneys came into court and withdrew their appearance as attorneys for the defendant, without “prejudice to the plaintiff.” Leave to withdraw was granted upon this condition. Assuming the rule to plead to have been effectual, as.it manifestly would have been had there been no withdrawal, and assuming that a failure to comply therewith placed the defendant in default, and entitled the plaintiff’ to a judgment by
 
 nil dicit,
 
 as would manifestly have been the case had there been no withdrawal, the plaintiff’and the court held the action to be undefended, and a judgment was entered for the plaintiff, with damages to be assessed by a jury to be impanelled. The jury received evidence upon this subject, and under instructions from the court rendered a verdict for $12,244. The evidence is not returned in the record, as there was no occasion that it should be, and there is no presumption of law, or
 
 *12
 
 reason in
 
 fact,
 
 to suppose that the verdict was for a larger sum than was justly due to the plaintiff. For all in excess of $8000 a remission was made, and judgment was entered for that sum.
 

 The leave to withdraw the appearance of the defendant’s attdrneys was given upon the condition that it should be “ without prejudice to the plaintiff.” This meant that the position of the plaintiff was not.to be unfavorably affected by the act of Withdrawal. All his rights were to remain as they then stood.
 

 A general, appearance waives all question of the service of process. It iá equivalent to a personal service. The question of jurisdiction only is saved.
 
 *
 
 If there was error in the commencement of this action by reason of a defective notice or otherwise, it was cured by the appearance.
 

 This advantage, among others, was not to be impaired by the withdrawal of the appearance.
 

 •A personal appearance by the defendant, through his attorneys, converted into a personal suit that which was before a proceeding
 
 in rem.
 
 This result had been worked when the appearance was entered, and stood in full effect when the withdrawal was made: Any judgment that he could then obtain against the defendant was binding upon the defendant, indisputable and valid against him and his property wherever, he or it could be- found. To reconstruct this judgment and by means of a withdrawal of the appearance make it a judgment to be enforced upon certain shares' of bank stock only,, and liable to be re-examined as to that upon the personal application of the defendant, would produce an extremely unfavorable effect upon the plaintiff’s position. It would be a “ prejudice” to him, and hence it cannot be per-: Blitted.
 

 A rule to plead had been served upon the attorneys. This remained in force. At the expiration of the time to plead, the action was undefended, and a right to an interlocutory judgment at once arose. To take away this right would be
 
 *13
 
 an injury to the.plaintiff Hence under the condition of no prejudice it remained good to him.
 

 The appearance of the defendant may remain, although the attorneys, by whom it was entered, have withdrawn. Its effect cannot be annulled by such' withdrawal. The appearance gives rights, and benefits in the conduct of a suit, to destroy which by a withdrawal would work great injustice to the other party. Such was the case of
 
 Eldred
 
 v.
 
 Bank,
 

 *
 

 where the defendant withdrew his plea, claiming that the withdrawal left the case as though it had never been filed, and that, never having been served with process, he was not liable to a personal judgment. The court say: “We do not agree to this proposition. The filing of the plea was both an . appearance and a defence. The withdrawal of the plea could not have the effect of withdrawing the appearance of the defendant, and requiring the plaintiff’ to take steps to bring him-again within the jurisdiction of the court. . . . He was not by the withdrawal of the plea out of court.”
 

 None of the cases cited contain anything in hostility to . these views. As confirming them see
 
 Lawrence v. Yeatman,
 

 †
 

 Rowley
 
 v.
 
 Berrian,
 

 ‡
 

 Thompson
 
 v. T
 
 urner.
 

 §
 

 Second. We do not intend by the argument thus advanced to intimate that the'result would have been different had the appearance been withdrawn unconditionally, as was the case in
 
 Eldred
 
 v.
 
 Bank.
 

 The authorities upon this subject of a voluntary appearance are cited in the case of
 
 Habich
 
 v. Folger, recently decided in this court,
 
 ||
 
 and it is pot necessary to do more than to refer to them as there collected.
 

 In the' present case there was not a simple withdrawal, but it was allowed upon the condition that it should be without prejudice to the position.of the plaintiff We decide the case upon the facts as they are presented, and
 
 *14
 
 nothing would be gained by attempting to go beyond them.
 

 Judgment affirmed.
 

 Mr. Justice BRADLEY did not sit during the argument, and took np part in this decision.
 

 *
 

 United States
 
 v.
 
 Yates, 6 Howard, 605.
 

 *
 

 17 Wallace, 651.
 

 †
 

 2 Seammon, 17.
 

 ‡
 

 12 Illinois, 198.
 

 §
 

 22 Id. 889; see also the present ease reported in 1 Colorado, 509.
 

 ||
 

 The last preceding case.