KELLY (TONG DUCK CHUNG v.). See Case No. 14,093.

KELLY (UNITED STATES v.). See Cases Nos. 15,514–15,516.

KELLY (VAN RENSSELLAER v.). See Case No. 16,873.

---

## Case No. 7,677.

### KELLY v. VIRGINIA PROTECTION INS. CO.

[3 Hughes. 449;[1] 6 Reporter, 738.]

Circuit Court, E. D. Virginia. Nov. Term, 1878.

REMOVAL OF CAUSES—PRACTICE — PLEA TO JURISDICTION.

A plea to the jurisdiction and demurrer thereto having been filed in the state court, and the cause thereupon removed under the act of 1875 [18 Stat. 470]. before the state court had passed upon the plea, held. that though the plea was sufficient to have defeated the action in the state court, yet. inasmuch as it set out the facts requisite to give jurisdiction to the federal court, the latter acquired jurisdiction by removal, and was bound to treat the plea as if the suit had been originally commenced in the federal court.

[Cited in Fidelity Trust Co. v. Gill Car Co., 25 Fed. 740; New York I. & P. Co. v. Milburn Gin & Machine Co., 35 Fed. 229.]

Action on a policy of life insurance issued by the defendant company, a corporation chartered by the state of Virginia, to one Hathaway, a resident of North Carolina. The plaintiff is a resident of North Carolina. The action was brought in the corporation court of Norfolk, and the original process was served in that city, on one Childrey, agent of the company, who resided there, and through whose agency the policy was issued. The principal place of business of the company was at Richmond, Va. The defendant pleaded to the jurisdic-

[1] [Reported by Hon. Robert W. Hughes, District Judge. and here reprinted by permission.]

tion, averring its principal office and the residence of its president to be at Richmond, where, it is averred, the alleged cause of action arose. Demurrer to plea. The cause was removed to this court by the plaintiff, at the first term at which the cause could be tried, the court below not passing on the plea. The defendant moved to dismiss the cause as improperly brought.

Sharp & Hughes, for the motion.

The cause in its inception was a nullity for want of jurisdiction. The state court could not pass on the plea, for after the petition was filed for removal, its powers eo instanti ceased. Dill. Removals, 67. Either the federal court must do so, or the advantage of the plea will be lost. As to removals: [Gaines v. Fuentes] 92 U. S. 19; 4 McLean, 2∞2; [2] Dill. Removals, 67, note 107; Id. 71; Id. 42, note 53; [Mutual Life Ins. Co. v. Terry] 15 Wall. [82 U. S.] 580; [Insurance Co. v. Dunn] 19 Wall. [86 U. S.] 222, 223; Toucey v. Bowen [Case No. 14,107]; Suydam v. Ewing [Id. 13,655]; Godfrey v. Gilmartin [Id. 5,498]; Bliven v. New England Screw Co. [Id. 1550]; Hubbard v. Northern R. Co. [Id. 6,818]; Hatch v. Chicago, R. I. & P. R. Co. [Id. 6,204].

Garnett & White, contra.

HUGHES, District Judge. In U. S. v. Ottman [Case No. 15,977], which could not have been brought in the United States court by original process, but could be and was brought originally in the state court, and was then removed into the United States circuit court, this court, following the decisions in Sayles v. Northwestern Ins. Co. [Id. 12,421]; Barney v. Globe Bank [Id. 1,031]; Pollard v. Dwight, 4 Cranch [8 U. S. 421]; and Tollans v. Sprague, 12 Pet. [37 U. S.] 339,—held that, after the appearance of the defendant in the state court, the United States circuit court may acquire, and in that case did acquire, jurisdiction by the mere fact of removal in accordance with the terms of the act of congress of March 3, 1875. The Case of Ottman differed from the other cases just named, in the fact that in those cases it was the defendant who had moved for removal, whereas in the Ottman Case it was the plaintiff who so moved. This fact was thought to constitute a principle, especially as the act of congress giving a plaintiff (who had elected originally to sue in the state court) the right to change the forum by removal was not passed until March 2, 1867 (14 Stat. 558). The principle decided was that where both parties were before the state court, and the case was one which could, under the act of March 3, 1875, be removed at the motion of either party,

then the act of removal, in pursuance of the statute, of itself gave jurisdiction to this court.

The case at bar is undoubtedly one of first impression. The question it presents, I think, falls within the ruling of this court in the Ottman Case and the authorities there cited. The defendant had appeared and pleaded; the court had not passed upon any question in the case, whether of jurisdiction or other. Before it had done so the cause was removed into this court. And the point presented by the plea to the jurisdiction, and by the demurrer thereto, which were both filed in the state court, is whether the question of jurisdiction, now to be determined by this court, is to be so determined with reference to the jurisdictional powers of the state court, or to the jurisdictional powers of this court. The only lamp I have to guide my feet in the decision of this new question is the act of 1875, whose language is (section 3) that after removal "the cause shall then proceed as if it had been originally commenced in the said circuit court." This language is repeated in section 6 of the same act, with some amplification. That section is in these words:

"Sec. 6. The circuit court of the United States shall, in all suits removed under the provisions of this act, proceed therein as if the suit had been originally commenced in said circuit court, and the same proceedings had been taken in such suit in said circuit court as shall have been had therein in said state court prior to its removal."

This language is too explicit to admit of doubt. I am required by it to treat the original process by which the suit was commenced in the state court, and all the other proceedings and pleadings there, not with reference to their value in the state court, but as if they had been proceedings in this court, and with reference to their value as such. Now, the plea to the jurisdiction of the state court is based upon the allegation that the cause of action did not arise, and that neither plaintiff nor defendant resided, in the city of Norfolk, in whose corporation court the action was brought. But the plea itself sets out that the cause of action arose in Richmond, a city of the Eastern judicial district of Virginia; that the defendant is a citizen of Virginia, and of Richmond; and that the plaintiff is a citizen of North Carolina. In very words, this plea to the jurisdiction sets out matter to show conclusively that, tried as if the suit and its pleadings had been commenced originally in this court, this court has undoubted jurisdiction. Under the language, therefore, of section 6 of the statute of March 3, 1875, I am bound to sustain the demurrer and overrule the plea. Ordered accordingly.

---

[2] [See McVaughter v. Cassily, Case No. 8,930.]