# ANDERSON *v.* MORTON.

---

JUSTICES OF THE PEACE; PLEA TO THE JURISDICTION; CERTIORARI; DE FACTO OFFICERS.

1. Where the defendant in an action before a justice of the peace files a plea to the jurisdiction claiming he is not a resident of the sub-district over which the justice has jurisdiction, the justice has the power to pass upon the plea, taking testimony, if necessary, to prove or disprove the truth of it, and thereupon to sustain or overrule it, and if the justice erroneously overrules the plea such error can be corrected on an appeal by the defendant to the Supreme Court of this District.

2. In this jurisdiction the writ of *certiorari* cannot be used as a substitute for a writ of error or appeal; *following* Hendley v. Clark, 8 App. D. C. 165, and United States v. Mills, 11 App. D. C. 500; and, therefore, *certiorari* does not lie to correct the supposed error of a justice of the peace in overruling a plea to the jurisdiction.

3. The question of the validity of the appointment of an incumbent of a judicial office cannot, in this jurisdiction, be tried in a

*certiorari* proceeding; *following* Hendley v. Clark, 8 App. D. C. 165, and United States v. Mills, 11 App. D. C. 500.

4. The writ of *certiorari* cannot be used in a controversy between two or more litigants before a *de facto* justice of the peace to try the question of the validity of his appointment, justice and fair dealing requiring that to be done, if at all, in a proceeding instituted directly for the purpose, wherein he shall have an opportunity to defend himself and his claim of right.

5. The justice of the peace is properly the respondent to a petition for the writ of *certiorari* to require him to certify the record of a case before him to the Supreme Court of this District and it is improper to make a party to the cause a respondent; *following* Chamberlain v. Edmonds, 18 App. D. C. 332.

No. 1267   Submitted March 3, 1903.   Decided April 7, 1903.

HEARING on an appeal by the petitioners from an order of the Supreme Court of the District of Columbia, sustaining a motion to quash a writ of *certiorari* to a justice of the peace, and quashing the writ.

_          *Affirmed.*

The COURT in the opinion stated the case as follows:

This is an appeal from an order of the Supreme Court of the District of Columbia quashing a writ of *certiorari.*

Suit was instituted on July 16, 1902, before Robert H. Terrell, a justice of the peace, assigned to subdistrict No. 8, by the appellee, Baxter Morton, against the two appellants, Anderson and Cullen, jointly for an indebtedness of $250 claimed to be due from them to the appellee, with interest. On the same day, Anderson was served with summons. On July 21, 1902, he appeared and asked for a continuance to July 31, 1902. On the same day Cullen entered an appearance also. On July 22, 1902, a plea to the jurisdiction was filed. On July 31, 1902, a second continuance was granted to August 7, 1902. On August 7, 1902, affidavits of defense were filed. On August 7, 1902, motions to quash writ (of summons) on plea to the jurisdiction previously filed were overruled. Thereupon issue was joined and trial had; and judgment

was rendered for the plaintiff for the amount claimed, with interest and costs. All this was on August 7, 1902.

No appeal seems to have been taken; or, if taken, it does not appear in the record before us.

On August 9, 1902, a petition was filed by the appellants in the Supreme Court of the District of Columbia for the writ of *certiorari* to issue to the justice of the peace, requiring him to certify to the court the record of his proceedings in the premises. As stated in the petition, the writ was sought on three several grounds: (1) That Terrell had been illegally appointed to the office of justice of the peace; (2) that he was without jurisdiction in the case; (3) that, even if legally appointed, he exceeded his jurisdiction in rendering judgment. The petition was supported by an affidavit of the two petitioners, in which, in addition to these grounds for the writ, it was averred also that the petitioners resided at certain stated places in the District of Columbia, which, although not so stated either in the affidavit or petition, are admitted in open court by the counsel for the appellee not to be within the subdistrict for which Terrell was assigned.

The writ was issued, and return was made thereto by Terrell as justice of the peace, and in his return were stated the proceedings before him, as hereinbefore mentioned. Thereupon a motion to quash the writ was made, and upon hearing this motion was allowed and the writ was quashed and the papers were returned to the justice of the peace for further proceedings therein according to law.

From the order quashing the writ the petitioners have appealed to this court.

*Mr. West Steever* for the appellant.

*Mr. J. S. McDonough, Mr. H. A. Hegarty,* and *Mr. J. Vincent Coughlan* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

There are two assignments of error. One charges that the court below erroneously held that the action had been

properly brought in subdistrict No. 8, when neither of the parties resided therein, and the other is to the effect that it was error to hold that Robert H. Terrell had been legally appointed to the office of justice of the peace by the President of the United States.

1. The first assignment of error has reference to a territorial distribution of jurisdiction for the justices of the peace provided by the code which went into effect on and after January 1, 1902. Section 3 of the code provides as follows:

" There shall be ten justices of the peace in the District, who shall be appointed by the President of the United States, by and with the advice and consent of the Senate, for a term of four years, unless sooner removed as provided by law. * * * And said Supreme Court (of the District of Columbia) shall divide the said District into ten subdistricts and prescribe the place in each subdistrict where the justice thereof shall have his office for the transaction of business, and may change the boundaries of such subdistricts and the localities of the offices of the justices therein from time to time as the volume and convenience of the business may require."

This section was repealed and re-enacted with some modifications unimportant in the present connection by the amendatory act of June 30, 1902 (32 Stat. p. 520).

Section 5 of the code provides as follows: " No resident of the District shall be sued in any subdistrict other than the one in which he resides, and no nonresident of the District having a place of business therein shall be sued in any subdistrict other than the one in which such place of business is situated. *Provided,* that where two or more persons are sued together the suit may be brought in the subdistrict in which any one of the defendants resides. * * *

" Should a suit be brought against any party or corporation in any district in which he or it does not reside or do business, and a plea to the jurisdiction on this account be filed by said defendant, the party or corporation interposing such plea shall disclose under oath the district in which he or it should have been sued; and the justice, upon sustaining

such plea, shall certify the cause for trial to the justice sitting in the district where suit should have been instituted; and should no such plea be filed before trial the justice shall be deemed to have had full jurisdiction."

Acting under the authority of the law the Supreme Court of the District of Columbia subdivided the District into ten subdistricts for the purpose of the exercise of the jurisdiction of the justices of the peace, and Justice of the Peace Robert H. Terrell was assigned to subdistrict No. 8, where the appellee instituted before him his suit against the appellants.

It is very plain that, when in this suit the appellants filed their plea to the jurisdiction, the justice of the peace under the statute had the authority to pass upon the validity of the plea, taking testimony, if need be, to prove or disprove the truth of it, and thereupon to sustain or overrule the plea; for the statute specifically provides what he shall do in the event that he sustains it. If he does sustain it the suit does not abate, but is transferred to the proper subdistrict for trial, and if he does not sustain it he proceeds, of course, to try the cause upon its merits. The question of residence in the case is undoubtedly a jurisdictional question, but the fact of nonresidence is not such a jurisdictional fact as would oust him of jurisdiction, whether he decides erroneously or not. It is simply error at most, to be corrected by appeal. The alleged fact of nonresidence may be untrue, and the plaintiff may be able to show it to be untrue. It cannot be, therefore, that the mere allegation of such fact is sufficient to oust the jurisdiction.

Illustration of the question may be had from repeated decisions of the Supreme Court of the United States in regard to section 740 of the Revised Statutes of the United States, which provides that in the Federal courts parties shall be sued only in the districts in which they reside. It has been held that this provision simply gives a personal privilege, which may be waived either expressly or by general appearance, and going to trial on the merits, if the court otherwise has jurisdiction of the parties and of the subject-matter of suit. *Texas & Pacific Ry. Co.* v. *Cox,* 145 U. S. 593; *St. Louis,*

*etc., Ry. Co.* v. *McBride,* 141 U. S. 127; *Fitzgerald Construction Co.* v. *Fitzgerald,* 137 U. S. 98; *First National Bank* v. *Morgan,* 132 U. S. 141; *Lexington* v. *Butler,* 14 Wall. 282; *Barry* v. *Foyles,* 1 Pet. 311; *Pollard* v. *Dwight,* 4 Cranch, 421. See also *Savings and Loan Co.* v. *Pendleton,* 14 App. D. C. 384.

If the appellants in this case deemed themselves aggrieved by the ruling of the justice of the peace on their plea to the jurisdiction, they had their right of appeal under the law to the Supreme Court of the District of Columbia where the error, if error it was, could have been corrected. They cannot use the writ of *certiorari* for such correction, for it is well settled that in this jurisdiction the writ of *certiorari* cannot be used as a substitute for a writ of error or an appeal. *United States* v. *Mills,* 11 App. D. C. 500; *Hendley* v. *Clark,* 8 App. D. C. 165.

We are of opinion, therefore, that in this suit for a writ of *certiorari* no valid assignment of error can be based upon the ruling of the court below so far as it bears upon the question of the subdistrict wherein the original proceedings between the parties were instituted.

2. The second assignment of error, which seeks to raise the question of the alleged invalidity of Terrell's appointment as justice of the peace, remains to be considered. But we think that this question has been fully disposed of by the decisions of this court in the cases of *United States* v. *Mills,* 11 App. D. C. 500, and *Hendley* v. *Clark,* 8 App. D. C. 165, in which we held that in this jurisdiction, whatever might be the law elsewhere, the writ of *certiorari* could not be used to try the question of the validity of the appointment of an incumbent of a judicial office. It is conceded, at all events it is not controverted, that in the present case Terrell is the incumbent of the office; that he has no contestant; that he was appointed under the forms and semblance of law; and that he is *de facto,* if not *de jure,* a justice of the peace. The writ of *certiorari* in a controversy between two or more litigants before him cannot well be used to try the legitimacy of his title. Justice and fair dealing require that this should

be done, if at all, in a proceeding instituted directly for the purpose, and wherein the *de facto* justice of the peace should have the opportunity to defend himself and his claim of right.

In the case of *Chamberlain* v. *Edmonds,* 18 App. D. C. 332, we had occasion to call attention to the erroneous manner in which the proceedings in *certiorari* were there formulated. The same criticism will apply to the present case.*

From what we have said it follows in our opinion that there was no error in the order of the Supreme Court of the District of Columbia quashing the writ of *certiorari* that had been issued therein and remanding the cause to the justice of the peace; and that order must therefore be *affirmed, with costs. And it is so ordered.*

Upon the application of the appellants, a writ of error to the Supreme Court of the United States was granted April 9, 1903.