BENTLEY et al. v. REID.

(Circuit Court of Appeals, Fifth Circuit. December 19, 1904.)

No. 1,316.

1. PROCESS—ORDERS—JURISDICTION.

Where, by the neglect of the clerk, process was not annexed to the petition and issued in time for service at the return term after the petition was filed, the court had jurisdiction to make an ex parte order reciting such failure, and ordering that defendant be served with a copy of the petition and process in time for the succeeding term.

2. LIMITATIONS—COMMENCEMENT OF ACTION—TIME.

Code Ga. 1895, §§ 4960, 4973, declare that all suits are by petition to the court, and when filed the clerk shall indorse the date of filing, which shall be considered the commencement of the suit. Section 4974 requires the clerk, when a petition is filed, to annex process directed to the sheriff, requiring defendant's appearance at the return term. A petition having been filed, the clerk failed to annex process so that the same could be served for the next term; whereupon the court entered an ex parte order reciting such failure, and directed that defendant be served for the succeeding term to commence on a date specified. Service being so made, defendant appeared and pleaded to the merits without objection to the process or its issuance. *Held*, that defendant having thereby waived all irregularities of the process or service as provided by Code, § 4981, the commencement of the action for the purpose of tolling limitations was the date the petition was filed, and not the date process was issued on the court's order.

In Error to the Circuit Court of the United States for the Northern District of Georgia.

William H. Bentley and six others, all being citizens of other states than Georgia, brought this suit against Henry W. Reid, a citizen of Georgia, for the recovery of five-sixths undivided interest in a tract of land of the value of more than $2,000. The petition or declaration was filed in the court below September 16, 1901. The petition concluded with prayer for process. The record does not show that the clerk annexed process to the petition requiring the appearance of the defendant at the return term of the court, as required by section 4974 of the Code of Georgia of 1895. On April 4, 1902,

the trial court made this order: "It appearing to the court that the petition in the above stated cause was duly filed in the office of the clerk of this court, and that there was a failure to perfect service of the said petition and process on the defendant in time for the term of court then next ensuing, it is thereupon ordered and adjudged that said defendant be served with a copy of said petition and process in time for the next term of said court to be held in and for said district on the 3d Monday of May, 1902." This order was indorsed "Filed" in the clerk's office on the day of its date by the clerk. On May 2, 1902, the clerk issued process in due form, requiring the defendant, Henry W. Reid, to personally or by attorney appear at the next term of the court, on the third Monday in May, 1902, to answer the complaint. On the 19th of May, 1902, the defendant, Henry W. Reid, appeared by attorneys, and filed an answer to the complaint. The answer is addressed to the merits of the case, admitting some of the allegations of the complaint and denying others. It denies the plaintiffs' alleged title to the land sued for, and asserts title in the defendant. It also presents the defense of the statute of limitations of seven years. Code Ga. 1895, § 3589.

The plaintiffs offered evidence tending to show their title to the real estate sued for. The defendant offered evidence tending to sustain his plea of the statute of limitations of seven years. It became a material question in the case as to when the statute of limitations ceased to run against the plaintiffs. The following is an excerpt from the bill of exceptions: "Counsel for defendant announced that he desired to submit a motion to the court to direct a verdict in favor of the defendant, but preliminary to this motion he desired to invoke the ruling of the court as to the period of time at which the running of prescription in favor of the defendant would stop. Counsel called attention of the court to the fact that the suit was filed on the 16th day of September, 1901, returnable to the October, 1901, term of court, but that no service was made in time for the October term, and on the 4th day of April, 1902, the court, on motion of plaintiffs' counsel, granted an order that service be perfected on defendant in time for the next term of the court, and under authority of this order the clerk issued process bearing date 4th day of May, 1902, requiring the defendant to appear at the May term, 1902, to wit on the third Monday in May, and the record showed that service of petition and process was made on the defendant on the 5th day of May, 1902. At the May term, 1902, the defendant, through his counsel, filed an answer to the merits of the plaintiffs' petition, but filed no demurrer or motion of any kind by reason of any defect in the service or filing or in the process. After hearing the argument on the point thus presented, the court held and decided that the suit as originally filed was invalid for the want of proper service until it was given validity by the issuance of process by the clerk on the date aforesaid, and the court therefore held and ruled that prescription did not cease to run in favor of the defendant until the date of said process, to wit, 4th day of May, 1902." The plaintiffs excepted to this ruling of the court. The court, on motion of the defendant, directed the jury to return a general verdict in favor of the defendant, and to this action of the court the plaintiffs excepted.

Eldridge Cutts (John W. Haygood, on the brief), for plaintiffs in error.

Price Edwards, for defendant in error.

Before PARDEE and SHELBY, Circuit Judges, and TOULMIN, District Judge.

SHELBY, Circuit Judge, after making the foregoing statement of the case, delivered the opinion of the court.

In some actions in England, at common law, it was held that the suit was not commenced until the writ was served on the defendant and returned. The rule in the action of ejectment was that the service of the declaration and notice on the tenant in possession of

the premises sued for was the commencement of the action.   Johnson v. Farwell, 7 Greenl. (Me.) 370, 22 Am. Dec. 203.   In this country the usual rule, in the absence of statute, was that the action was begun at the suing out of the writ with the intention of having it served.   There are conflicts in the decisions that treat the subject from the common-law standpoint, and this conflict, together with the legislation in the states limiting the time in which every action may be brought, has made it important to fix the time with certainty when a suit is to be considered commenced, for the running of the statute of limitations is arrested by the commencement of the action.   There has been legislation in nearly all the states intended to fix the time when a suit will be considered commenced.   These statutes, with occasional modifications, may be classified as providing that the action is commenced when the declaration or petition is filed, or when the process is issued, or when the process is served on the defendant.

In Georgia all suits are by petition to the court, signed by the plaintiff or his counsel (Code 1895, § 4960) ; and "upon every petition the clerk shall indorse the date of its filing in office, which shall be considered the time of the commencement of the suit" (Id. § 4973).

When the clerk has filed the petition the law imposes on him another duty.   "To every petition the clerk shall annex a process (unless the same be waived), signed by the clerk or his deputy, and bearing test in the name of a judge of the court, and directed to the sheriff or his deputy, requiring the appearance of the defendant at the return term of the court."   Id. § 4974.

After the enactment of the statute (Code 1895, § 4973), whatever the rule of the common law may have been, it is not the issuance of the writ nor its service that is to be looked to as the date of the commencement of the suit, but the date of the filing of the petition is to be considered as the time of the beginning of the suit.   Wynn v. Booker, 22 Ga. 359 ; Graves v. Strozier, 37 Ga. 32.   But this statute is construed in connection with other statutes, and, when so construed, the mere filing of the declaration, nothing more being done, no service of process being made or waived, would not be the commencement of an action.   Ferguson v. Mfg. Co., 51 Ga. 609 ; Gray v. Hodge, 50 Ga. 263.   What the statute means is that when the suit is perfected by service on or waived by the defendant its commencement shall date from the filing of the declaration, as shown by the indorsement of the clerk.   McClendon & Co. v. Hernando Phosphate Co., 100 Ga. 219, 28 S. E. 152.   If, after the declaration is filed, no service is had, and service is not waived and the declaration is dismissed, the proceeding amounts to nothing.   But if service is had or waived the suit is perfected, and the statute fixes the date of the filing of the declaration as its commencement.

The petition in this case was filed and indorsed filed on September 16, 1901.   It does not appear that the clerk annexed process to the petition at that time.   Later, April 4, 1902, the court ascertained and decided that the petition in the cause had been duly filed, and that there was a failure to perfect service of the "petition and

process" on the defendant in time for the term of court then next ensuing. It was therefore ordered that "said defendant be served with a copy of said petition and process in time for the next term of said court to be held for said district on the third Monday in May, 1902." Process was then issued under this order, and a copy thereof and of the petition theretofore filed served on the defendant.

It may be that the court was not required by law to make this order of April 4, 1902, but it unquestionably had jurisdiction to make it. Peck v. La Roche & Son, 86 Ga. 314, 12 S. E. 638. Although it is an ex parte order, "the legal presumption is that good and sufficient reasons were shown the court for its action." Dobbins v. Jenkins, 51 Ga. 203; Allen v. Mutual Loan & Banking Co., 86 Ga. 74, 12 S. E. 265. The order, as we have said, was ex parte; but, after service on the defendant brought him into court, he had full notice of the order, the petition, and the process.

The question is not before us for decision, but it may be conceded for the purposes of this case that, if the defendant had made a timely motion to vacate this order and the service of the process and to dismiss the case, the motion would have prevailed. Nicholas v. B. A. Assurance Co., 109 Ga. 621, 34 S. E. 1004.

But when the defendant appeared in obedience to the process he made no objection to the petition filed, the failure of the clerk to duly annex and issue process, nor to the order of the court, process thereon, and service. He filed an answer going to the merits of the case, denying the plaintiffs' alleged title, and asserting title in himself, and pleading the statute of limitations of seven years. No suggestion is made as to want of or defect in process. The case was tried on the issues made by the petition and the answer. On the trial of the issue on the plea of the statute of limitations, it became necessary for the court to determine when the statute ceased to run; that is, "to determine the date of the commencement of the suit." The plaintiffs claimed that the date was fixed by the filing of the petition, September 16, 1901. The defendant contended, and the court held, that the suit was not commenced until May 4, 1902, the date of the process issued on the order of the court made April 4, 1902.

The defendant, to sustain his contention, relies on the failure of the clerk to annex and issue the process when or soon after the declaration was filed. We would be reluctant to visit the negligence of the clerk on the plaintiffs, who were not shown to be wanting in diligence (Ware v. Swann & Billups, 79 Ala. 330–335); but the case does not depend on that consideration.

What was the effect of the defendant's entering a general appearance and pleading to the merits? Section 4981 of the Code of Georgia of 1895 provides that "appearance and pleading shall be a waiver of all irregularities of the process, or of the absence of process, and the service thereof." In Savannah, etc., Ry. Co. v. Atkinson, 94 Ga. 780, 21 S. E. 1010, the court held that the "absence of process was immaterial" where the defendant appears and pleads to the merits. See, also, Burnett & Co. v. Blackmar & Chandler, 43 Ga. 569. In Blalock v. Tidwell, 56 Ga. 517, the court held that

"even before the adoption of the Code appearance and pleading to the merits waived service." The same rule is established by the Supreme Court. Creighton v. Kerr, 87 U. S. 8–12, 22 L. Ed. 309. And in Henderson v. Carbondale, C. & C. Co., 140 U. S. 26, 11 Sup. Ct. 691, 35 L. Ed. 332, it was held that when a party who is ordered to appear in a pending suit voluntarily appears and answers, setting up his claims, it is too late for him to object that there was error in the order.

It is clear that if there had been no order of the court to issue and serve process, and the defendant had appeared as he did and answered, then want of process would have been waived. No question being raised about process, or its issuance or its service, the trial being on the merits, what other date have we by which to fix the date of the commencement of the suit except that designated by the statute—the date of the filing of the petition? If we abandon the statute, should we not resort to the common-law rule in ejectment? That cannot be done on account of the change in procedure.

Issue was joined May 19, 1902, on the petition filed September 16, 1901. The defendant should not be permitted to waive process and all irregularities, and, after the lapse of time sufficient probably to bar the action, avail himself of the defects in or want of process or service.

The United States Circuit Court of Appeals for the Eighth Circuit decided a question much like the one here. The Kansas statute provides that an action should be deemed commenced at the date of the service of summons on the defendant. When the first summons was served the defendant appeared for that purpose only, and moved to vacate the service for irregularities. Pending the motion a new summons was served. Thereupon the defendant entered a general appearance and answered. The limitation of the right of action expired after the service of the first summons, and before the service of the second. The court held that it was immaterial, as, by pleading to the merits, the motion to vacate service was waived, and the statute was arrested at the date of the first irregular service. German Ins. Co. v. Frederick, 58 Fed. 141, 7 C. C. A. 122. In the case just cited it will be observed that the defendant did make a motion to reach the irregularity or defect in procedure, but abandoned it and answered the declaration. In the case at bar the defendant did not even make the motion; he answered at once. In both cases the defect of process or procedure was waived. In this case, as in that, we think the statute fixing the date for the commencement of suits should control. We have found no case construing or referring to the Georgia statute that fixes the date of the issuance of process as the commencement of a suit to arrest the running of the statute of limitations.

The judgment of the Circuit Court is reversed, and the cause remanded for a new trial.

NOTE. The following is the opinion of Newman, District Judge, on overruling the motion for a new trial:

"The interesting legal question arising on the trial of this case was whether title by prescription would arise under written evidence of title, and con-

structive possession, by actual possession of a part of the tract, when the written evidence of title relied upon had not been recorded. The law of Georgia controlling this question is contained in Code 1895, §§ 3586, 3587, 3589; that is, if section 3587, which was inserted by the codifiers in the Code of 1895, and therefore made law by the adopting act of December 15, 1895, should be considered here, in view of the fact that the prescription in this case commenced to run before said date. It is not denied that the rule in Georgia has always been, certainly up to the decision in Carstarphen v. Holt, 96 Ga. 703, 23 S. E. 904, that written evidence of title need not be recorded in order to work constructive possession of a tract of land, while there was actual possession of a part. The decision in Carstarphen v. Holt is expressly to that effect. One sentence from the opinion of the court will be sufficient to show this: 'Prescription upon a definite tract of land, of which the prescriber is in actual possession of a portion, is not dependent upon the registration of the deed, but the possession itself is the evidence of an adverse claim, which will mature, after an occupancy for the term prescribed by law, a prescriptive title.'

"It is contended that in certain recent decisions of the Supreme Court of the state, and especially in Baxley v. Baxley (decided February 7, 1903) 43 S. E. 436, a different rule is stated, and it is held that record would be necessary. In Baxley v. Baxley the former decisions on the subject are not referred to, although it is fair to say that the court seems to assume the law to be that the record of the deed would be necessary. One of the principal difficulties to my mind about holding that the record of the deed is necessary in order to work prescription as to the part of the tract of which there is no actual possession is that it would be necessary, during the period as to which the prescription is claimed, that a deed properly executed so as to be admitted to record should be the basis for a prescriptive title. This difficulty is pointed out by Judge Atkinson, in Carstarphen v. Holt, in this way: 'In order to admit a deed to record, it must be, in point of execution, perfect in all its details, and executed in strict conformity with the law. Failing to come up to this standard of excellence, under the view taken by the trial judge, the paper relied upon as such could not amount to color of title, and nothing short of a perfect deed could be the basis of a prescription. The Code, however, and the construction placed upon its provisions by this court, both recognize as color of title which will suffice as the basis of a prescription any written evidence of title, however inartistic in form or imperfect in point of execution, which serves to define the extent and limit of the prescriber's claim. Indeed, papers which would not under any circumstances be admitted to record have been distinctly held sufficient as color of title.'

"My own opinion would be that the language used by Judge Lamar in Baxley v. Baxley would hardly be deemed sufficient to overturn the settled rule in Georgia, announced in so many decisions before that time. But I do not think it is necessary in this case to decide what the law in Georgia on that subject at present is. The lot of land in controversy in this case was one lot. There was entry upon it, and a home built, several acres cleared and inclosed, and this enclosure was subsequently enlarged. On the corner diagonally from that on which the home was located was a home occupied by a tenant, who had supposed himself to be on a different tract of land, but was found to be on the tract embraced in the conveyance here. The occupant of this house, after the survey, attorned to the defendant's grantor. There was real occupancy of the woodland embraced in the tract, by the cutting of wood and keeping off trespassers. I do not think the facts make simply constructive possession. They are sufficient to constitute actual possession of this tract, in my judgment. Code Ga. 1895, § 3585, is as follows: 'Actual possession of lands is evidenced by enclosure, cultivation or any use and occupation thereof which is so notorious as to attract attention of every adverse claimant, and so exclusive as to prevent actual occupation by another.' I think the facts sufficient to show actual possession under this law.

"A verdict was directed upon both grounds—that the court's view of the law was that there being actual possession of a part of this tract under written evidence of title worked constructive possession as to the remainder of the tract, and, even if this was not true, in the opinion of the court such

actual possession was shown as would work a prescriptive title. This is the only question which is really seriously contested in this case, and, the court being of the opinion that there was no error on the trial, the motion to set aside the verdict and grant a new trial is overruled."