## BREACH OF CONTRACT FOR CONVEYANCE OF REAL ESTATE.

[Circuit Court of Hamilton County.]

ALPHONSE ZUTTERLING ET .AL V. CHARLES W. DRAKE.

Decided, May 18, 1907.

*Election Between Remedies—Made, When—Specific Performance— Damages—Tender—Breach of Contract.*

1. An election between remedies can be made but once, and where a plaintiff has chosen to ask for specific performance he can not subsequently maintain a suit for damages.
2. Where a suit is filed for specific performance, followed on a later date by an action for damages, the election will be regarded as having been made at the time of the filing of the first suit, and the subsequent dismissal of the suit for specific performance by the plaintiff without prejudice, while the action for damages was still pending, does not create a bar to the prosecution of a new action for specific performance.

SMITH, J.; SWING, J., and GIFFEN, J., concur.

Under the contract set up in this case, the plaintiffs originally had two remedies for the enforcement of their rights against the defendant. One was an action on the contract for specific performance; the other was a suit at law for damages for breach of contract. They could not assert both.

On April 15, 1902, plaintiff filed a suit in specific performance, No. 123558 in the court of common pleas. Afterwards, on May 26, 1902, they filed an action at law for damages.

The suit for specific performance was dismissed October 6, 1905, "*without prejudice*" while the suit for damages referred to above was still pending. Subsequently, on October 9, 1905, a new suit for specific performance was filed by plaintiffs against the defendant, which last suit was tried, appealed to this court, and is this present case.

Defendant claims that this suit can not be maintained, as plaintiffs dismissed their first suit for specific performance.

We are of the opinion that on April 15, 1902, plaintiffs made their election between their remedies against the defend-

ant, by bringing their suit in specific performance.  Having so elected, this was a bar to any suit for damages they might subsequently file.  They could not choose the second time. 7 Ency. Plead. & Prac., page 364.

Did the dismissal therefore of the original suit in specific performance *"without prejudice,"* preclude the plaintiffs from instituting a new suit for like character within a reasonable time, and thus avail themselves of their election already made?

We think it does not have such effect.  Dismissal *"without prejudice"* meant, that the petition of the plaintiffs was not to be unfavorably affected thereby.  All their rights were to remain as they then stood.  *Creighton* v. *Kerr*, 20 Wallace, 8.

Having once elected to bring suit in specific performance, when the same was dismissed *"without prejudice"* and a similar suit was again instituted, any and all rights and advantage that had accrued to plaintiffs through the bringing of the first suit still remained to them.

On the evidence we are of the opinion that specific performance of the contract entered into between the plaintiffs and defendant should be decreed in favor of the plaintiffs.  The defendant himself admits that he made no tender of the deed to the plaintiff, Alphonse Zutterling, but says that he showed the deed to Mrs. Zutterling; and while he denies that the plaintiffs tendered him the notes and mortgage agreed upon under the contract, yet plaintiffs' evidence is corroborated, tending to show that such a tender was made together with the amount paid by defendant into the building association.

A decree may therefore be taken in favor of the plaintiffs.

*Eugene C. Pociey,* for plaintiffs.

*Simeon M. Johnson,* contra.