### DEVINE v. GRIFFENHAGEN et al.
### No. 195.

District Court, D. Connecticut.
Feb. 24, 1940.

David Devine, of Waterbury, Conn., pro se.

Bronson, Lewis, Bronson & Upson (by Lawrence L. Lewis), of Waterbury, Conn., for defendants.

HINCKS, District Judge.

The complaint in this case was filed December 16, 1939, and process immediately issued. On January 9, 1940, counsel for the defendants filed (1) an appearance stating "Kindly enter our appearance for all defendants in the above entitled action", (2) a motion for more particular statement, and (3) a motion to dismiss or to quash return of service of summons upon the ground that personal service was not obtained upon the defendants.

The plaintiff contends that by filing the appearance set forth above the defendants waived right to object to the jurisdiction of the court over their persons or to the sufficiency of service of process. The parties have been heard upon that preliminary contention without prejudice on the merits of the pending motions.

■ Prior to the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to be sure, the filing by a defendant of a general appearance or of a motion addressed to the merits was treated as a consent to the jurisdiction of the court over the person of such a defendant and as a waiver of his right to object to the sufficiency of process. Pollard v. Dwight, 4 Cranch 421, 2 L.Ed. 666; Grable v. Killits, 6 Cir., 282 F. 185, certiorari denied 260 U. S. 735, 43 S.Ct. 95, 67 L.Ed. 488; Prudential Insurance Co. v. McKee, 4 Cir., 81 F.2d 508.

But under F.R.C.P., Rule 12 (b), it is provided that "no defense or objection is waived by being joined with one or more defenses or objections in a responsive pleading or motion." Thus, by express provision of the rule the defendants have not lost their right to press their motion to quash by reason of the fact that they simultaneously filed a motion for a more particular statement.

I am not unmindful of the fact that in Johnson & Gould v. Schlitz Brewing, D.C., 28 Fed.Supp. 650, the court felt that a motion under 12 (b) (1–5) without hazard of waiver might be joined with a motion to dismiss under 12 (b) (6), but if joined with a motion for a bill of particulars under 12 (e), it would be waived. I think it unnecessary to give Rule 12 such a technical construction; indeed that construction seems to me inconsistent with the Rule.

For Rule 12 (g) and (h) indicates clearly that for purposes of permissive joinders and waivers all the motions provided for in Rule 12 are treated alike; not only that but it is *required* that all defenses and objections available at the time "shall" be joined under penalty of waiver except that at the pleader's option he *may* move under (b) (1–5) without joining other motions, such as a motion for a bill of particulars, without hazard of waiver. In the case cited it was thought a bill of particulars was neither a "defense" or an "objection" within the meaning of Rule 12(b). To me it would seem that a motion for a bill of particulars necessarily embodied an objection (within the meaning of 12(b) that the opposing pleading was "not averred with sufficient definiteness or particularity to enable him [the moving party] properly to prepare his responsive pleading or to prepare for trial," (within the meaning of 12(e). And the objection that a party must at any one moment be *in* court or *out* is at variance with the express provision of 12(b) that a defendant may move to dismiss for "failure to state a claim" without waiving jurisdictional objections. Indeed, the new rules seem to recognize throughout that consistency in matters of pleading is essential neither to ultimate justice nor expedition in its consummation. And a consistency which is not conducive to these objectives may well be deemed to fall within Emerson's famous aphorism: "A foolish consistency is the hobgoblin of little minds."

I conclude, therefore, that the defendants here lost nothing by joining their motion for a bill of particulars with their attack on the service.

■ But the plaintiff further objects that the defendants' general appearance must operate as a waiver of their right to attack the service.

However, I cannot lightly infer that it was intended by the Rules to preserve the waiver resulting from a general appearance when by the provisions quoted and discussed above the waiver resulting from filing a responsive pleading or motion was expressly abolished. No reason occurs for making such a technical distinction, and its recognition would impute to the rule-making authority an intent wholly at variance with the underlying flavor and objective of the rules. I think rather that the limitation upon a waiver expressly provided for in the sentence quoted from Rule 12(b) was intended to be extended by Rule 12(h) wherein it was expressly provided that "A party waives all defenses

and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply * * *" with certain exceptions not now material. This broad statement of waiver I think was intended to be definitive; effective for the recognition of waivers resulting from failure seasonably to raise the objection by motion, answer or reply, and equally effective for the exclusion of waivers theretofore deemed to result from the filing of a mere general appearance or of a motion looking to the merits.

In Carter v. Powell, 5 Cir., 104 F.2d 428, it was held that under the new Rules a defendant gains nothing by filing a special appearance; in my view this holding may well be supplemented by the observation that he loses nothing by filing a general appearance.

I rule, therefore, that the defendants' objection to the sufficiency of the service of process has not been waived and the parties may submit either orally or in writing, as they may agree, upon the merits of the pending motions.

Ordered accordingly.