**KOPPERS CO., Inc.**
v.
**NEWTEX S. S. CORP.**

United States District Court,
S. D. New York.
May 5, 1954.

Atkins & Weymar, New York City, for libelant, Horace T. Atkins, New York City, of counsel.

Theodore J. Breitwieser, New York City, for respondent.

GODDARD, District Judge.

The libel, filed on March 6, 1952, seeks recovery of alleged shortages of creosote oil shipped on five of respondent's vessels early in 1948 for carriage from New Jersey to Texas. Respondent in its answer alleges that the claims are barred as suit was not brought within the required time. Prior to trial on the merits of the claims, the only issue now assigned for trial is whether this period of limitation had run.

The shipments were made under uniform straight bills of lading,

printed and supplied by Koppers, which provided in part:

> " * * * and suits shall be instituted against any carrier only within two years and one day from the day when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim * * * ".

Claims for loss were presented to the respondent and, on September 27, 1948, by letter addressed to the libelant, respondent disallowed four of the instant claims, stating:

> "We are returning herewith the above claim files, which claims are declined for the reason that liability of Newtex Steamship Corporation does not extend to these claims."

By letter of December 16, 1948, in similar terms, it disallowed the fifth claim.

Under the terms of the contract of carriage, the period of limitation for these claims began to run from the dates of these letters of declination, and, since the libel was not filed until March 6, 1952, it is clear that, absent any waiver, the period of limitations had run on these claims.

█ Libelant argues that there was a subsequent waiver. Respondent denies any waiver and urges that it could not, by statute, waive the limitation period.

On September 29, 1949, a year after the first letter of declination and some nine months after the declination of the fifth claim, counsel for libelant wrote to respondent asking it to reopen the matter and discuss settlement "without prejudice to the rights of either of the parties." This was followed by some correspondence and discussions with respondent's claim agent in which libelant's counsel sought to have the respondent change its position, during which libelant's counsel several times reiterated its assurance to respondent that it was without prejudice to the rights of the parties. These terminated in April, 1951, when respondent advised libelant that nothing new had been presented and repeated its disallowance.

Although respondent's representative acceded to libelant's counsel's request and discussed the matter of possible settlement, at no time did the representative indicate that respondent would assume liability. The record does not contain facts which fairly justify libelant's charge that respondent lulled it into a feeling of security. These negotiations were begun at the instigation of the libelant, with its repeated assurance that they were without prejudice, at a time when the period of limitations had been running for a substantial period. The statement that they were "without prejudice to the rights of either of the parties" was an assurance by the libelant that whatever rights respondent already had were to remain in full force. Cf. Creighton v. Kerr, 20 Wall. 8, 87 U.S. 8, 12, 22 L.Ed. 309; In re Oceanic Ship Scaling Co., Inc., D.C., 108 F.Supp. 7, 8, note 3. It meant that the period of limitations would not be extended nor affected.

I find that there was no waiver by respondent of the running of the limitation period. Since I have found no waiver, it becomes unnecessary to decide whether, under the Transportation Act of 1940, respondent could have legally waived the limitation period.

It was incumbent upon libelant, if it intended to file suit, to bring its action within the time provided in the contract of carriage. This it failed to do. The libel is consequently barred as not timely and must be and is dismissed.

The respondent shall submit a decree, and proposed findings of fact and conclusions of law, with notice to libelant.