*1373 NEWMAN, Circuit Judge,
dissenting.
I respectfully dissent. Suntec did not receive the personal service required by regulation; the Court of International Trade held that the regulation was violated. Suntec Indus. Co. v. United States, 2016 WL 1621088, at *1, *4 (Ct. Int’l Trade Apr. 21, 2016). And Suntec never had actual notice of the review by Commerce and did not participate in the review. Id. at *3 (accepting Suntec’s affidavits as true).
The regulatory violation was not harmless, and Suntec was substantially prejudiced, for it did not have the opportunity to participate at all. Constructive notice is not within the statute or rule. Commerce is required to enforce its regulation that requires the requestor to provide service to a party. 19 C.F.R. § 351.303(f)(3)(ii) contemplates that foreign entities may not be readers of the Federal Register and explicitly requires direct notice. PAM, S.p.A. v. United States, 463 F.3d 1345 (Fed. Cir. 2006), describes the potential harm to a party that had actual notice and actually participated in the proceeding. Suntec had no such notice, and did not participate.
Precedent includes some situations in which notice defects were harmless. In PAM and other cases, the person complaining about the lack of required regulatory notice nonetheless had actual notice and appeared to participate in the action. Since the early 1800’s, a party who appeared in person or by attorney was deemed to have waived any defects in service. Knox v. Summers, 7 U.S. 496, 497, 3 Cranch 496, 2 L.Ed. 510 (1806) (“The court were unanimously of the opinion, that the appearance by attorney cured all irregularity of process.”); Pollard v. Dwight, 8 U.S. 421, 428-29, 4 Cranch 421, 2 L.Ed. 666 (1808) (“By appearing to the action, the defendants in the court below placed themselves precisely in the situation in which they would have stood, had process been served upon them, and consequently waived all objections to the non-service of process.”); Creighton v. Kerr, 87 U.S. 8, 12, 20 Wall. 8, 22 L.Ed. 309 (1873) (“A general appearance waives all question of the service of process.”). The same principle applies here; a party who is un-served but appears anyway waives the issue of defects in service. However, Suntec was not served and did not appear.
The Administrative Procedure Act’s prejudice requirement allows for harmless error, but the error here was not harmless. Suntec did not participate because it was, as we must accept, unaware of the proceeding. Suntec was unaware of the proceeding because it was not informed that the request for review had been filed, and therefore had no reason to expect that a review would be instituted.
Without the notice required by Commerce’s rule, the request was faulty and Commerce could not institute review of Suntec. By statute, the administering authority shall review “if a request for such a review has been received.” 19 U.S.C. § 1675(a)(1) (emphasis added). Absent a request that was properly served, Commerce cannot institute a review. Commerce requires the requestor of an administrative review to provide actual notice to foreign manufacturers as part of the request for review. Commerce’s rule requires:
Request for review. In addition to the certificate of service requirements under paragraph (f)(2) of this section, an interested party that files with the Department a request for an expedited an-tidumping review, an administrative review, a new shipper review, or a changed circumstances review must serve a copy of the request by personal service or first class mail on each exporter or producer specified in the request and on the petitioner by the end of the anniversary month or within ten *1374 days of filing the request for review, whichever is later. If the interested party that files the request is unable to locate a particular exporter or producer, or the petitioner, the Secretary may accept the request for review if the Secretary is satisfied that the party made á reasonable attempt to serve a copy of the request on such person.
19 C.F.R. § 351.303(f)(3)(ii). This regulation requires that a requestor “must serve a copy of the request by personal service or first class mail on each exporter or producer specified in the request.” Compliance with 351.303(f)(3)(ii) is not optional. The provision stating that the “Secretary may refuse to accept [the] document” appears in Rule 351.303(f)(2), which generally deals with certificates of service for “documents filed with the Department.” Rule 351.303(f)(3)(ii) expressly states that its requirements are “in addition to the certificate of service requirements under paragraph (f)(2).”
Here, there was no personal service, and the Secretary made no finding that the requestor made a reasonable attempt to serve. Without one of those two requirements, the rule is violated and the request is defective.
Commerce brushes off the violation as a harmless procedural defect. But the only way to render the violation harmless is by assuming that Suntec was obligated to appear, although without notice that the request had been filed. The court creates that obligation by charging Suntec with constructive notice by publication of the institution of the review in the Federal Register. Constructive notice is a legal fiction. Torry v. Northrop Grumman Corp., 399 F.3d 876, 878 (7th Cir. 2005) (“When a court says that the defendant received ‘constructive notice’ of the plaintiffs suit, it means that he didn’t receive notice but we’ll pretend he did”).
However, constructive notice is not applicable here. Given Commerce’s regulations, Suntec’s duty to inquire did not begin until it received the required actual notice of the request. The Federal Register Act does not, by itself, compel foreign entities to monitor the Federal Register. Nor does the Tariff Act. The regulations require actual notice. Commerce assigned the burden to the requestor to provide actual notice to all the foreign manufacturers that a request had been filed. Foreign manufacturers are entitled to rely on the regulations that Commerce has promulgated. “It is no less good morals and good law that the Government should turn square corners in dealing with the people than that the people should turn square corners in dealing with their Government.” St. Regis Paper Co. v. United States, 368 U.S. 208, 229, 82 S.Ct. 289, 7 L.Ed.2d 240 (1961).
Commerce cannot, after the fact, nullify the regulatory scheme it created. From the court’s contrary holding, I respectfully dissent.