In the Matter of the Application of CHARLES DENISON et al., Stockholders of the Grocers' Bank of New York City, for the Appointment of a Receiver.

A sale made by a duly appointed receiver of a state bank, pursuant to and upon terms expressed in an order of the Supreme Court, of a judgment, part of the assets of the bank, is a judicial sale, and the court may compel, by order, a specific performance of the contract of sale.

A confirmation of the contract of sale is not a requisite to its consummation, and it is not material whether the sale was public or private.

(Argued March 29, 1889; decided April 16, 1889.)

APPEAL by Thomas B. and John R. Rand from an order of the General Term of the Supreme Court in the first judicial department, which affirmed an order of Special Term requiring said appellants to perform a contract alleged to have been made by them with Stephen V. White, as receiver of the Grocers' Bank, appointed in these proceedings, for the purchase by said appellants of said receiver of a judgment recovered by the bank against one More.

Two questions were presented on this appeal: First. As to whether the contract of sale was, in fact, made. Second. Was the sale a judicial one? The court held the evidence is sufficient to establish that the contract was made. As to the second point, the court say:

" It is urged by the learned counsel for the appellants that the sale was not judicial, because the receiver was not appointed for the specific purpose of making it; that, in doing so, he did not carry into effect any decree of the court directing a sale; that his authority was merely to make the contract for himself as receiver, and not on behalf of the court. And, further, that it could not have the judicial quality until it became the act of the court by its confirmation. This last proposition may have had some force if it could be assumed that confirmation of the agreement of sale was requisite to its consummation, as may be the case where the efficiency of such a contract is expressly or impliedly made dependent upon the approval of the court. ( *Williamson* v. *Berry*, 8 How. [U. S.] 496, 546.) But in this case no confirmation was requisite. The terms of

the sale, as authorized and as represented by the contract, were expressed in the order. And in making the agreement he represented the court. He was the instrument or officer of the court, and through him the sale may be deemed as made by it. No further action of the court, therefore, seems to have been necessary to consummate the sale. (*In re Van Allen*, 37 Barb. 225; *Atty.-Gen.* v. *Guardian Mut. Life Ins. Co.*, 77 N. Y. 277; *Atty.-Gen.* v. *North Am. Life Ins. Co.*, 89 id. 103.) It is not important, for the purposes of the question, whether the sale be public or private, only that it be made by the receiver pursuant to the direction or authority given by the court. It then has the character of a judicial sale. And the party making it subjects himself to the jurisdiction of the court, and may be required to complete it. (*Cazet* v. *Hubbell*, 36 N. Y. 676; *In re Atty.-Gen.* v. *Continental Life Ins. Co.*, 94 id. 199.) This was the situation of the appellants in the present case. The motion was properly entertained by the court below. And no rule of law was violated by the result there given to it.

"The order should be affirmed."

*Nathaniel C. Moak* for appellants.

*B. F. Blair* for respondent.

BRADLEY, J., reads for affirmance.
All concur.
Order affirmed.