## ATWATER v. COMMUNITY FUEL CORPORATION.

(Circuit Court of Appeals, Second Circuit. April 7, 1924.)

No. 262.

Receivers ⬩⟹73—Court held without jurisdiction by a summary order to charge a stranger to the suit with liability for conversion of property from its receivers.

A court, which appointed receivers in a creditors' suit, with authority to carry on the business of defendant, is without jurisdiction by a summary order, made on an order to show cause, to charge a stranger to the suit with liability for conversion of property from the receivers.

Appeal from the District Court of the United States for the Eastern District of New York.

Suit in equity by William Atwater against the Community Fuel Corporation. From an order of the District Court, Harry V. Youngman appeals. Reversed.

See, also, 291 Fed. 686, 689.

"The suit above entitled is an ordinary creditors' bill, wherein receivers were appointed, apparently with authority to carry on the business of the defendant. These receivers in legal effect sold a considerable quantity of coal to the Pyros Corporation. According to the terms of sale the coal was not to be removed until paid for, but by trick and device Pyros Company obtained physical possession of the coal and in turn sold it to Youngman, who paid Pyros Company for the same and then resold and delivered to his own customers, presumably, consumers.

Thereupon the receivers obtained an order to show cause against Pyros Company and Youngman, requiring them either to return the coal to said receivers or to pay the value thereof. After a hearing upon affidavits the court granted the application, and ordered (1) that Pyros and Youngman turn over the coal; or (2) in the alternative that, if Youngman no longer had the coal, both the parties proceeded against should pay the receivers the unpaid balance of the purchase price thereof. Youngman appealed.

Francis C. Dale, of New York City, for appellant.
Augustus H. Skillin, of New York City, for appellee.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). We have stated the facts as above as they were in effect found by the court below, and most favorably for the appellee. The legal inference from these facts is that Pyros Company converted the coal, and (at least, if he had any knowledge of the receivers' claim) so did Youngman.

It is not necessary for us to make any findings of fact; we merely assume for purposes of discussion what was found below, and are willing to add the further assumption that Youngman received from Pyros the coal in question, with full knowledge of how that corporation had obtained the same. The question remains whether the receivers are entitled to the remedy of summary order granted them by the lower court.

The record gives no information as to the authority conferred upon these receivers; we can only assume that they were directed to carry on the defendant's business and made the sale accordingly. Whether this was a judicial sale is an interesting question, into which we find it unnecessary to go.

We have held that one who bids at a judicial sale subjects himself to the jurisdiction of the court, and he may be compelled to make his bid good by attachment. In re Rival, etc., Co. (C. C. A.) 289 Fed. 960, and cases cited. But a judicial as distinguished from other sales has been defined as "one made under the process of a court, having competent authority to order it by an officer legally appointed and commissioned to sell." Williamson v. Berry, 8 How. 495, 12 L. Ed. 1170. But to those requisites many decisions have added the requirement that a sale to be judicial in the technical sense must be one requiring confirmation by the court; e. g., Nevada, etc., Co. v. National, etc., Co. (C. C.) 103 Fed. 391, at page 395. Undoubtedly a receiver may make a judicial sale; there is nothing in the character of that office to prevent his sale being judicial. In re Third National Bank (D. C.) 4 Fed. 775. But compare Matter of Denison, 114 N. Y. 621, 21 N. E. 97.

In the condition of the record we go no further with this branch of the inquiry, but have mentioned it to indicate to counsel the difficulties attending any endeavor to treat as a judicial sale such a transaction as we conjecture this to have been. But, as Youngman is the only appellant, there is enough in the record fully to exhibit his rights. He raises the legal question as to whether as matter of law he can be guilty of conversion. We do not hold that the same remedies of summary procedure are open to receivers in equity that are sometimes open to trustees or receivers in bankruptcy, but assuredly equity receivers have no greater rights. Yet, even assuming this to be law, these receivers have no right to go against a stranger to the entire proceeding, viz. Youngman, and have him (a third party) summarily adjudged to be guilty of conversion of a portion of the estate. In re Marquette, 254 Fed. 419, 166 C. C. A. 51, and cases cited. It can no longer be said in this circuit that where a proceeding, even in bankruptcy, presents nothing but a question of law, it may be treated summarily.

For this reason, the order as to Youngman is reversed, with costs.