## In re SILVERMAN.

(District Court, E. D. New York. April 14, 1924.)

Bankruptcy ☜288(1)—Court has summary jurisdiction to order property turned over to trustee unless adverse claim is made.

To defeat the jurisdiction of a court of bankruptcy by summary order to require a third party to deliver to the trustee property which the trustee alleges is property of the estate, the third party must set up some claim of right or title to the property.

In Bankruptcy. In the matter of Anna Silverman, bankrupt. On motion by trustee for order requiring a third party to turn over property, granted.

Charles Soble, of New York City, for petitioning creditors.

Tolins & Jakobson, of New York City, for Alexander M. Zack, appearing specially.

GARVIN, District Judge. This is a motion for an order directing a third party to turn over a sum of money to the trustee in bankruptcy. The motion is based upon a verified petition, which alleges that the third party has in his possession this sum of money, belonging to the bankrupt, which he refuses to turn over to the trustee. The petition sets forth that the bankrupt paid over this money as a result of false representations by the third party, who has retained the money, instead of turning it over to the United States Lumber Company, as he agreed when payment was made to him. The petition alleges that this money is therefore the property of the bankrupt and that the trustee is entitled to its possession.

The third party has filed a notice of appearance, appearing specially, and objects to the jurisdiction of the court, asserting that the court is without power to make a summary order, and that petitioner must bring a plenary action. Undoubtedly Matter of Marquette, 254 Fed. 419, 166 C. C. A. 51, recently approved in Atwater v. Community Fuel Corporation (C. C. A. 2d Cir., decided April 7, 1924) 298 Fed. 455, is authority for the proposition that, where the trustee has neither title nor possession, the court is without power to summarily determine an adverse claim to property demanded by him. But in the Marquette Case, supra, affidavits were filed on both sides and an issue raised. Here the respondent asserts no adverse claim, but merely questions the jurisdiction of the court. I understand the cases to hold that the third party must set up a claim of title, and, failing so to do, may be summarily ordered to turn over property, where there is an allegation under oath that he holds such property and that it belongs to the estate. It was said in Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405:

"The bankruptcy court would be helpless indeed, if the bare refusal to turn over could conclusively operate to drive the trustee to an action to recover as for an indebtedness, or a conversion, or to proceedings in chancery, at the risk of the accompaniments of delay, complication, and expense, intended to be avoided by the simpler methods of the Bankrupt Law."

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

And in Babbitt v. Dutcher, 216 U. S. 102, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969:

There are two classes of cases arising under the act of 1898 and controlled by different principles. The first class is where there is a claim of adverse title to property of the bankrupt, based upon a transfer antedating the bankruptcy. The other class is where there is no claim of adverse title based on any transfer prior to the bankruptcy, but where the property is in the physical possession of a third party or of an agent of the bankrupt, or of an officer of a bankrupt corporation, who refuses to deliver it to the trustee in bankruptcy. In the former class of cases a plenary suit must be brought, either at law or in equity, by the trustee, in which the adverse claim of title can be tried and adjudicated. In the latter class it is not necessary to bring a plenary suit, but the bankruptcy court may act summarily, and may make an order in a summary proceeding for the delivery of the property to the trustee, without the formality of a formal litigation."

It seems to me, therefore, that, as the third party sets up no claim of right or title whatever, I am constrained to grant the motion.