**In re SOBOD, Inc.**

District Court, S. D. New York.
Sept. 7, 1938.

Herman G. Robbins, of Brooklyn, N. Y., for trustee.

Henry E. Coleman, of New York City, for respondents.

PATTERSON, District Judge.

The question is whether persons who submit an offer to pay money in compromise of a claim asserted against them by a trustee in bankruptcy and refuse to pay after the compromise has been approved by the bankruptcy court are subject to summary order by the court to carry out the compromise. The case seems to be one of first impression.

Sobod, Inc., was adjudicated bankrupt. Danish, the trustee in bankruptcy, brought an action at law to recover $5,000 from

Sofranski and Bodner, former officers of the bankrupt, and from Margery Daw Hats, Inc. While the action was pending the defendants submitted an offer to pay $2,100 in settlement, delivering a check of $250 to serve as first payment in case the compromise should be approved by the court. The compromise was approved at a creditors' meeting. The referee in charge of the case signed an order on June 2, 1938, accepting and confirming the offer of compromise and directing the trustee to execute the necessary papers. A check for $350 was thereupon delivered to the trustee as a further payment on account of the $2,100. A day or two later Sofranski and Bodner were indicted by the grand jury for concealment of assets from the trustee in bankruptcy. They straightway refused to carry out the compromise and stopped payment on the second check. The trustee made a motion before the referee to compel the respondents, Sofranski, Bodner and Margery Daw Hats, Inc., to perform the compromise and to pay to the trustee $1,850, the unpaid balance of the $2,100 agreed on. The respondents appeared specially and objected to the jurisdiction, contending that the referee had no power to compel them to perform the compromise by summary order. The referee held that he had power to compel them to live up to the compromise. He signed an order on August 2, 1938, resettling his order of June 2, 1938 by adding a paragraph directing the respondents to pay the trustee $1,850. The respondents ask review of this order. In form the order is a resettlement of the prior order approving the compromise; in substance it is a new order directing the recalcitrant contractors to carry out the compromise.

The trustee in bankruptcy had of course the remedy of plenary suit against the respondents to enforce the compromise. Or he might have elected to rescind the compromise because of the default and to go ahead with his suit on the original claim. The question is whether he has the further remedy of a summary proceeding in the bankruptcy court to compel the respondents to live up to the compromise tendered by them and approved by the court.

The Bankruptcy Act by section 27, 11 U.S.C.A. § 50, provides that a trustee in bankruptcy, with approval of the court, may compromise any controversy arising in the administration of the estate. The requirement of approval by the court was doubtless to guard creditors against im-

346

provident settlements that might be made by trustees acting alone. I am of opinion that when an offer in compromise has been made by a person against whom the trustee has a claim, the compromise to become binding on approval of it by the bankruptcy court, the court after approval has power by summary order to hold a defaulting offeror to performance of the compromise. This because the offeror by making his offer has subjected himself to the jurisdiction of the court so far as the compromise is concerned.

The case of a judicial sale is a fair analogy. A court which has ordered a sale of property in its care may order a defaulting purchaser to carry out the bargain he made. Camden v. Mayhew, 129 U.S. 73, 9 S.Ct. 246, 32 L.Ed. 608; In re Rival Knitting Co., 2 Cir., 289 F. 960; Brasher v. Cortlandt, 2 Johns. Ch., N.Y., 505; Matter of Denison, 114 N.Y. 621, 21 N.E. 97. There is no difference in principle between such a case and the present one.

An instance closer to this case is found in Re Hollingsworth & Whitney Co., 1 Cir., 242 F. 753. There merchandise in possession of the respondents was claimed by receivers in bankruptcy. The respondents made an agreement with the receivers whereby the merchandise was to be sold by them and the cash proceeds paid over to the receiver, to be held subject to later determination. The agreement was approved by the bankruptcy court. Upon later refusal by the respondents to pay over the proceeds the court made a summary order against them, despite their protest that the court lacked jurisdiction. In affirming the order the Circuit Court of Appeals said [page 756]:

"The company contends that specific performance of said agreement could not be enforced by summary process in the bankruptcy court. But the agreement was unmistakably made with officers of that court appointed by it in a pending bankruptcy case, and it can only be regarded as made and approved by the court for the purposes of that case. An agreement so made is to be regarded as an agreement with the court wherein the case is pending. Walton v. Johnson, 15 Sim. 352; American, etc., Co. v. Baltimore, etc., Co., 124 F. 866, 877, 60 C.C.A. 52. And while it remained in force, the court with whom it was so made could order it complied with by either party thereto, without an independent suit brought upon it for that purpose. Walton v. Johnson, 15 Sim. 352. The principles applicable are those according to which it is held that a bankruptcy court may enforce by its order completion of a contract for sale of property belonging to the estate, made with its receiver. Mason v. Wolkowich, 150 F. 699, 701, 80 C.C.A. 435, 10 L.R.A.(N.S.) 765; In re Jungmann, 186 F. 302, 306, 108 C.C.A. 380. By contracting with the receivers, the company became a quasi party, instead of a stranger to the record, and subjected itself, for the purposes of the contract, to the orders of the court. After agreeing to pay over the proceeds to the court's officers, it could neither say that the court had no jurisdiction to require such payment to be made as agreed, or that it had no jurisdiction to require such payment by summary order."

If it had been the trustee who had defaulted on the compromise, the power of the bankruptcy court to order him summarily to perform it would be unquestionable. See Petition of Baxter, 6 Cir., 269 F. 344. There is no reason why the court should not possess the same power over the party who tendered the compromise. The referee's order was within his jurisdiction and will be affirmed.