EARLE TOBEY

*vs.*

JOSEPH POULIN.

Somerset.   Opinion, August 22, 1944.

*Harvey D. Eaton*, for the plaintiff.

*Jerome G. Daviau*, for the defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MUR-
CHIE, CHAPMAN, JJ.

STURGIS, C. J. In the course of the liquidation of the
Augusta Trust Company in proceedings in equity in the
Supreme Judicial Court for the County of Kennebec, the
receivers were authorized by decree of August 19, 1940, to
sell the Lillian Jones farm, so-called, in Fairfield, and owned
by the bank, to one Earle Tobey or his nominee, for $1,500
payable $500 down and $20 a month thereafter, with inter-
est at 6 per cent on unpaid balances, plus taxes assessed and
insurance premiums. This decree was issued pursuant to an
offer already submitted by Tobey, and on his agreement to
forthwith comply with the terms of the order of sale, on
October 7, 1940 the receivers allowed him to take possession
of the farm. For the next two years and a little more he paid
the required monthly installments on the purchase price,
interest as it accrued, and part of the insurance premiums
but none of the taxes and in spite of repeated demands by
the receivers never made his down payment.

In January 1943, Tobey was advised, by the receiver then
in office, that he must comply with the terms of the order of
sale at once or the property would be resold, but he made
no further payments and the receiver, being informed that
in addition to these defaults he had been cutting off wood
and timber and selling it on his own account, on June 3,
1943 notified him the farm would be resold the next week
and ordered him to vacate the premises. At this time Tobey
had paid $632.81 on account of the purchase price, interest
and insurance premiums but there was a balance of $1,279.32
and two years' taxes due, no part of which he has since of-
fered to pay to the receiver.

Following these events the receiver apparently reported
to the Supreme Judicial Court, which had authorized the
sale to Earle Tobey, that he had failed to make the pay-

ments required by its decree and his agreement, and asked for authority to accept the offer of one Joseph Poulin who had learned that the farm was about to be resold because of the default of the purchaser and agreed to buy it on terms set forth in the petition. The following decree, ordering a resale in compliance with the offer reported, was then on June 14, 1943 issued:

*"Supplementary Decree.*

It is hereby ORDERED, ADJUDGED AND DECREED:

That John E. Nelson, the duly appointed and legally qualified receiver of the Augusta Trust Company, is hereby authorized and empowered:

To sell to Joseph Poulin, or his nominee, the Jones farm, so-called, in Fairfield, Maine, for $1,150 plus two years' taxes."

The resale was made in accordance with the decree and the receiver delivered his deed to the purchaser. But Tobey the first purchaser remains in possession of the premises and refuses to quit.

In this independent action in equity in another court, forward on appeal, Earle Tobey seeks to compel Joseph Poulin to convey the Jones farm to him on allegations that, by reason of his agreement with the receivers of the Augusta Trust Company, his continued possession, and payments on account of the purchase price, he is entitled to complete his purchase and Poulin bought the farm from the receiver with notice of his rights. He offers to repay all moneys expended and prays that the property be impressed with a trust and ordered transferred to him by proper deed of release. The pleadings in defense and the proofs show, as already related, that the plaintiff Tobey attempted to buy the Jones farm pursuant and subject to a decree of the Su-

preme Judicial Court for Kennebec County, in proceedings for the liquidation of the Augusta Trust Company, and by reason of his failure to pay the purchase price as and when required and agreed, by decree, in the same proceedings, a resale of the property to the defendant Poulin was ordered and completed. The court below sustained the bill brought in this action with costs and ordered a conveyance of the Jones farm in accordance with the prayers. The defendant filed an appeal.

It is elementary that a receivers sale is a judicial sale and the receiver acts only as an officer of the court, sells as and for the court, and sales conducted by him must be confirmed by the court in order to be valid. I Clark on Receivers (2d Ed.) §482, et seq.; 45 Am. Jur., §385, et seq. While it is the general rule that a sale by a receiver is not complete and binding until the sale is subsequently reported and confirmed by the court, if an offer for property in the hands of a receiver is reported to the court and a sale to that purchaser in exact compliance with the offer is authorized, the order is deemed an acceptance of the offer and a confirmation of the sale and no other and further confirmation is necessary. *Files* v. *Brown*, 124 Fed., 133, 138; *In re Denison*, 114 N. Y., 621, 21 N. E., 97; *Yount* v. *Fagin*, et al. (Texas Civ. A) 244 S. W., 1036,1041; 53 Corpus Juris, 212. Confirmation of receivers sales by either of these methods has long been accepted as proper practice in this jurdisdiction.

It is also well settled that if a purchaser refuses to pay the purchase price as ordered and agreed, it is the duty of the receiver to report the default to the court, which, if the sale has been confirmed may order the purchaser to complete payment and hold him in contempt for noncompliance with the order, or order a resale, charging him with any deficiency in the original sales price which may arise, or not, as discretion dictates. The right of the court to re-

sell at the first purchaser's risk, when he fails to comply with the terms of the sale in making payment, is an implied condition of every judicial sale, which usually is enforced but may be disregarded. If a resale is not ordered made at the risk of the first purchaser he is not liable for any loss on the sale which may result. 2 Daniell's Chancery, Pleading & Practice (6th Am. Ed.), pp. 1281, 1282; 31 Am. Jur., Judicial Sales, §249 et seq.; *Mount* v. *Brown*, 33 Miss., 566, 69 American Decisions, 362n; 35 Corpus Juris, 118 and cases cited; *Howison* v. *Oakley*, 118 Ala., 215, 23 So. 810; *Mariners Savings Bank* v. *Duca*, 98 Conn., 147, 118 A., 820; *Phelan* v. *Downs*, 69 N. Y. S., 375; *Camden V. Mayhew*, 129 U. S. 73, 9 S. Ct., 246, 32 L. Ed 608.

In the light of the rules stated, the Supreme Judicial Court for the County of Kennebec clearly had the power and authority in the proceedings for the liquidation of the Augusta Trust Company there pending, to order the receiver to resell the Jones farm, so-called, to Joseph Poulin on the failure of Earle Tobey to whom it had already been sold, to make payments as required by its decree and his agreement. As it is clear, in the case here made, that at that time the purchaser was far in arrears in his payments and indicated neither ability nor intention to cure his defaults, no reason for permitting or directing him to complete his purchase is made to appear and to order a resale would seem to have been an exercise of sound discretion and good judgment. The order cannot be set aside in this action.

When the Supreme Judicial Court for the County of Kennebec ordered a resale of the Jones farm, of repeated mention, having jurisdiction over the subject matter and all interested parties its decree was a final and conclusive judgment of the same force and effect as any other final adjudication of a court of competent jurisdiction. Under it the first purchaser lost his right to complete his purchase of the prop-

erty and the new purchaser acquired title to it under the decree ordering a resale. If there was irregularity or improvidence in the entry of that decree or its execution, the appropriate method of obtaining relief is by proper proceedings in the court entering the decree and an independent collateral action for that purpose does not lie and cannot be entertained. High on Receivers, §196; 31 Am. Jur., 526, §235n; 35 Corpus Juris, 17n.

As the instant action can only be viewed as a collateral attack upon the decree of resale of June 14, 1943, of the Supreme Judicial Court for the County of Kennebec the appeal taken in the court below must be sustained and the case remanded for entry of decree dismissing the bill with costs.

*Appeal sustained.*
*Case remanded for entry*
*of decree dismissing bill*
*with costs.*