## In re OCEANIC SHIP SCALING CO., Inc.
### No. 47341.

United States District Court
E. D. New York.
Oct. 29, 1952.

Louis P. Rosenberg, Brooklyn, N. Y., for trustee.

Nathan R. Schor, New York City, for respondents.

BYERS, District Judge.

This is a petition to review an order of the Referee, dated August 26, 1952, directing August E. Sorrentino, Margaret Sorrentino and Joseph Sorrentino to show cause before this Court why they should not be adjudged in contempt for failing to comply with a Referee's order directing them to carry out a compromise agreement to pay $10,000 in settlement of a plenary suit against them brought by the trustee.

The named persons now assert that the Referee's order was without legal warrant, since the plenary suit itself did not lie within this Court's jurisdiction.

The bankruptcy proceeding was commenced on November 14, 1947. On November 24, 1948, the trustee instituted, said plenary suit in this Court against August E. Sorrentino, Joseph Sorrentino and Margaret Sorrentino,[1] all residents of the State of Florida, to recover alleged preferential payments to them by the bankrupt

---

1. Hereafter referred to as "defendants."

in the sum of approximately $70,000. They appeared specially to raise the jurisdictional issue, which has not yet been decided, because during the pendency of the suit defendants made an offer[2] in writing to compromise and settle the controversy "without prejudice" for the sum of $10,000 payable in installments. Upon acceptance, the trustee was to execute and deliver a general release to defendants' attorney to be held by him in escrow until the payments were paid in full.

At a meeting held on April 25, 1949 for the purpose, the offer of compromise was approved by the Referee and on April 27, 1949, an order was entered thereon authorizing the trustee to accept the offer. The order provided "that August E. Sorrentino, Joseph Sorrentino and Margaret Sorrentino submit to the jurisdiction of this Court for the purpose of doing all things required of them to consummate the settlement herein."[3]

Defendants having failed to make any of the payments, a further order (August 26, 1949) was made directing them to bring the payments up to date and to make future payments. Defendants made no payments at all. They now profess an inability to comply with the terms of the compromise. The order of August 26, 1952 contains the provision first recited, unless there be a showing of an inability to comply with the terms of the agreement and the orders entered pursuant thereto.

Defendants urge that being nonresidents the bankruptcy court had no jurisdiction over them in the plenary suit and therefore had no jurisdiction to punish them for contempt. The Referee does not hold that jurisdiction attached in the plenary suit. He points out that the proceeding under review is one before a Referee in Bankruptcy which was initiated by the filing with the trustee of an offer of compromise of a controversy arising in the administration of the estate, and the statutory proceedings had in connection with the offer of the defendants. Bankruptcy Act, § 27.[4] He holds that under their offer and the proceedings had thereon, defendants submitted to the bankruptcy jurisdiction for the stated purpose, and therefore are subject to summary order by the court to carry out the compromise. Authority for the Referee's position is found in the case of In re Sobod, Inc., D.C., 25 F.Supp. 344, affirmed without opinion in 2 Cir., 103 F.2d 1019.

The question in the Sobod case, cited supra, was whether persons who submit an offer to pay money in compromise of a

2. The original offer of settlement is signed by August E. Sorrentino. Joseph Sorrentino, an officer of the bankrupt corporation, and Margaret Sorrentino, wife of August E. Sorrentino, joined in the offer by means of telegrams sent to their attorney. Both telegrams read:
"Please consider me as co-offeror with August E. Sorrentino on offer of settlement dated March 28, 1949."
It is urged that the latter two defendants never signed the stipulation of compromise and therefore they couldn't have *waived* jurisdiction. The Referee's decision is not based on a waiver. Jurisdiction is held, in effect, to exist by operation of law.

3. Defendants objected to the inclusion of this paragraph in the order. It is urged that this shows that defendants did not wish to confer jurisdiction on the Court. The Referee specifically pointed out that that paragraph did *not* confer jurisdiction of the plenary suit on the Bank-

ruptcy Court. Defendants also claim that further evidence of their reluctance to submit to the jurisdiction of the Court is the fact that the offer of settlement was made "without prejudice." "Without prejudice" meant that defendants retained whatever legal rights they had when the offer to compromise was made. It did not mean that they retained the right to refuse to perform the contract with the Court, which the offer contemplated. Undoubtedly defendants did not wish to be bound jurisdiction-wise in the plenary suit but they must be held to performance of their engagement entered into with the Court with every evidence of deliberation.

4. Sec. 27, 11 U.S.C.A. § 50, is entitled, "Compromises" and reads:
"The receiver or trustee may, with the approval of the court, compromise any controversy arising in the administration of the estate upon such terms as he may deem for the best interest of the estate."

claim asserted against them by a trustee in bankruptcy and refuse to pay after the compromise has been approved by the bankruptcy court, are subject to summary order to carry out the compromise. Holding that the court had power to compel compliance with the compromise, it was said, 25 F.Supp. at page 346:

" * * * the offeror by making his offer has subjected himself to the jurisdiction of the court so far as the compromise is concerned."

Whether jurisdiction was questioned in the lawsuit does not appear.

In Governor Clinton Co. v. Knott, 2 Cir., 120 F.2d 149, at page 153, Judge Clark, after mentioning the rule laid down in Sobod, stated:

"Such enforcement of contracts made with the court's officers, or remedy for fraud in the execution or performance of them, is a necessary step in the proper administration of the estate, and well within the powers of a bankruptcy court acting essentially as a court of equity."

See also:

In re California Eastern Airways, D.C., 95 F.Supp. 348, and In re Hollingsworth & Whitney Co., 1 Cir., 242 F. 753.

In the latter case, the receivers (later trustees) and the Hollingsworth Company entered into an agreement concerning the disposition of certain lumber. It was specifically provided that the claim of ownership was to be determined by the court or courts having jurisdiction of the premises. The agreement was approved by the district court. The Hollingsworth Company defaulted and the court ordered it summarily to comply over the specific objection that the court lacked jurisdiction to grant such relief.

It must be remembered that no plenary action was commenced against the Hollingsworth Company. The court said, 242 F. at pages 756–757:

"The company contends that specific performance of said agreement could not be enforced by summary process in the bankruptcy court. But the agreement was unmistakably made with officers of that court appointed by it in a pending bankruptcy case, and it can only be regarded as made and approved by the court for the purposes of that case. An agreement so made is to be regarded as an agreement with the court wherein the case is pending. Walton v. Johnson, 15 Sim. 352; American, etc., Co. v. Baltimore, etc., Co., 6 Cir., 124 F. 866, 877, 62 C.C.A. 397. And while it remained in force, the court with whom it was so made could order it complied with by either party thereto, without an independent suit brought upon it for that purpose. Walton v. Johnson, 15 Sim. 352. The principles applicable are those according to which it is held that a bankruptcy court may enforce by its order completion of a contract for sale of property belonging to the estate made with its receiver. Mason v. Wolkowich, 1 Cir., 150 F. 699, 701, 80 C.C.A. 435, 10 L.R.A.,N.S., 765; Re Jungman [Jungmann], 2 Cir., 186 F. 302, 306, 108 C.C.A. 380. By contracting with the receivers, the company became a quasi party, instead of a stranger to the record, and subjected by its order completion of a contract to the orders of the court. After agreeing to pay over the proceeds to the court's officers, it could neither say that the court had no jurisdiction to require such payment to be made as agreed, or that it had no jurisdiction to require such payment by summary order."

Petition to review denied. Settle order.