In the Matter of F. W. KOENECKE & SONS, INC., an Illinois corporation, Bankrupt.
No. 69 B 1647.

United States District Court, N. D. Illinois, E. D.
Oct. 5, 1973.

Louis W. Levit, Glenn R. Heyman, Edward W. Rothe, Chicago, Ill., for Glenn R. Heyman, Trustee,

Richard J. Phelan, Winnetka, Ill., and Harlan M. Dellsy, Chicago, Ill., for James T. Wilkes, et al.

## MEMORANDUM OPINION

MAROVITZ, District Judge.

### Review of Order of Referee in Bankruptcy

#### The Issue

The matter before the court is a petition for review of an order of the referee in bankruptcy. The petition was filed by Wilkes, Besterfield & Company[1] (hereafter Wilkes), a firm of accountants, who appeal from the referee's order overruling their motion to dismiss the complaint of the trustee in bankruptcy against them. It is the contention of Wilkes that the summary jurisdiction of the Bankruptcy Court does not extend to determine the liability of Wilkes in an accountant's malpractice suit.

The trustee's complaint, taken as true for our purposes here,[2] seeks recovery of $315,000.00 damages allegedly sustained by the bankrupt estate because of respondents' failure properly to perform an accounting assignment for which they had been hired by the trustee. The trustee asserts that Wilkes is before the court because they were retained by court order to complete some routine bookkeeping entries. The referee found that the Court of Bankruptcy had summary jurisdiction to determine the liability of the accountants for the criminal action of one of their employees, on the rationale that Wilkes' consent to perform the bookkeeping task was sufficient consent to make them subject to the summary jurisdiction of the Bankruptcy Court for all matters flowing from the contract.

1. On or about September 1, 1970, Wilkes, Besterfield & Co., Ltd., a corporation, succeeded to the business of James T. Wilkes & Co., and on that date substantially all of the

#### The Proceedings Below

F. W. Koenecke & Sons, Inc., was adjudicated a bankrupt on a petition filed March 13, 1969, by three creditors. On June 26, 1972, the trustee filed a petition (the complaint), wherein he alleges that shortly before the bankruptcy Clifford Kahler and Robert Koenecke, both officers of the company, conspired, with the aid of one Alex Birnie, an employee of Wilkes, to engage in alleged fraudulent transfers made by the bankrupt corporation to Kahler.

The employment of Wilkes to update all of Koenecke's accounting was specifically authorized by an order entered by the Court of Bankruptcy on March 27, 1969. The trustee alleges (Count VI, Paragraph 4) that "the partnership, through Alex R. Birnie, altered or caused to be altered the books and records of the bankrupt corporation in such manner as to conceal from the trustee and from the court the fact that $315,000.00 in cash had been diverted from the estate to one Clifford Kahler with the aid, abetment and participation of Alex R. Birnie, the employee of the partnership."

Wilkes moved to dismiss the complaint on the grounds that the Bankruptcy Court lacked summary jurisdiction to grant relief, and contends that a plenary proceeding is called for.

#### The Arguments

The boundaries of the summary jurisdiction of the Bankruptcy Court are not clearly defined, and the absence of clearly demarcated areas accounts for the difficulty in resolving this particular dispute. It is agreed by both parties that the specific category under consideration is whether summary jurisdiction has been obtained by the Court of Bankruptcy through either express or implied consent. See generally, 2 Collier, Bankruptcy ¶ 23.08 (14th ed.). The sole is-

assets of the partnership were transferred to the corporation.

2. Moore's Federal Practice, Vol. 2A, ¶ 12.08 pp. 2266-67.

sue is whether Wilkes' employment by the trustee constitutes a consent to summary jurisdiction.

The trustee argues that a person who contracts with the Bankruptcy Court submits himself to the jurisdiction of the court for all purposes connected with or arising out of the contract, including any damage which might be sustained by virtue of the failure of Wilkes, or its employee Birnie, properly to perform the duties for which they had been retained by the court.

The respondents contend that this consent is only partial, and that consent jurisdiction based on contracting is limited to the following three circumstances:

1. When a party sues the estate under the contract or otherwise uses the contract to diminish the estate;

2. When a party refuses to perform an executory contract; and

3. When the contract itself was an element of a conspiracy to defraud the estate and the parties to the contract fraudulently induced the court to consent to it.

The first two circumstances are clearly not applicable; the third circumstance, respondent's argue, is not meant to be applied to a tortious situation arising from the contract, but only to actions "ex contractu" in nature.

Respondents argue, too, that as a matter of policy the case should be decided under plenary jurisdiction because difficult and complex questions of state law are involved, and because the case could be adjudicated just as rapidly in the Chancery Division of the Circuit Court of Cook County, where "back-up" proceedings have been commenced.

### The Opinion Below

The referee, in his written opinion, stresses that this is a particulary strong case to invoke his summary jurisdiction because the alleged wrongdoing is "actually or technically that of a trustee or some one such as an accountant authorized to work with that Trustee." (Opin-

ion, pp. 1, 2). Among the referee's conclusions of law are the following:

1. A party who contracts with a trustee in bankruptcy pursuant to order of a bankruptcy court does in fact contract with the court itself.

2. A party who contracts with a trustee in bankruptcy submits himself to the summary jurisdiction of the bankruptcy court for all purposes of the contract and for all actions arising out of or in connection with the non-performance or misperformance of said contract.

3. James T. Wilkes & Company and its partners contracting with the trustee in bankruptcy did contract with this court itself.

4. James T. Wilkes & Company and its partners, by contracting with the trustee in bankruptcy to perform account services, did submit themselves, jointly and severally, to the summary jurisdiction of the bankruptcy court for all purposes of the contract including all causes of action which might be asserted by the trustee, arising out of any alleged non-performance or misperformance of said contract by the partnership or its partners, or any of its agents or employees whom it retained for the purpose of carrying out and performing its undertakings under the contract.

5. By contracting with the trustee, James T. Wilkes & Company and its partners did submit themselves to the summary jurisdiction of this court for the purposes of hearing, determining, adjudging and enforcing all of the causes of action set forth in the complaint as against James T. Wilkes, Jr., Allen W. Besterfield, James T. Wilkes & Co., a partnership and Wilkes, Besterfield & Co., Ltd., a corporation.

\* \* \* \* \* \*

8. The motion of Wilkes to dismiss the complaint is not well-founded in law and should be denied.

### The Opinion of This Court

█ The general principle of law relied upon by the Referee that "one who contracts with a trustee or receiver in bankruptcy contracts with the court itself and submits himself to the jurisdiction of that court for all purposes flowing out of the contract" is well supported. Governor Clinton Co. v. Knott, 120 F.2d 149, 152 (2 Cir. 1941); In re Hollingsworth and Whitney Co., 242 F. 753, 756–757 (1 Cir. 1917); Jackson v. Moore, 348 F.2d 437, 441 (5 Cir. 1965); In re California Eastern Airways, Inc., 95 F.Supp. 348, 351 (Del., 1951); Mason v. Wolkowich, 150 F. 699, 700–701 (1 Cir. 1906); and In re Sobod, Inc., 25 F.Supp. 344, 345–346 (S.D.N.Y., 1938).

The cases which petitioner has cited limiting the exercise of summary jurisdiction are factually dissimilar to the case at bar, although the court has no quarrel with the law as applied to the facts in the respective cases cited.

It must be kept in mind that in the case before the court the party's involved firm was employed by the court and covered up a misappropriation acting to his own interest, rather than the interest of the court and the estate. Unlike other cases cited by petitioner, we are not faced with counterclaims or set-offs arising from totally unrelated transactions.

█ While it is clear that the courts of bankruptcy are limited to jurisdiction over property in the actual or constructive possession of the court, it is equally clear that the jurisdiction over parties, once acquired by consent or otherwise, is retained for all purposes.

█ The Bankruptcy Court is a court of equity, and one employed by the court consents to its jurisdiction by filing a claim for fees. If he then abuses his relationship the court retains jurisdiction for all actions arising out of the subject matter.

The Bankruptcy Court, in order to properly administer insolvency matters, must have all the necessary summary jurisdiction to effect a speedy and orderly administration of such matters. In re California Eastern Airways, 95 F.Supp. 348, 351 (D.Delaware 1951), cited by the trustee, uses the following persuasive language:

> With respect to contracts made by trustees, debtors in possession and other officers of the bankruptcy court, the necessity of the court retaining exclusive jurisdiction over matters arising out of such contracts is even more pronounced than in the case of other matters arising during the administration of a bankrupt estate. The courts have therefore adopted an extreme position with respect to this and have ruled that a party contracting with an officer of the court in fact contracts with the court itself, and by such act subjects himself for the purposes of the contract to the summary jurisdiction of the court. [citations omitted]

> \* \* \* \* \* \*

> If the claimant, as it alleges, entered into a contract with debtor, it thereby subjected itself to the summary jurisdiction of this Court for all purposes of such contract, and cannot now question the competency of this Court to dispose of a claim arising out of such a contract through means of a summary proceeding.

█ It is not an arbitrary or invalid extension of its bankruptcy court jurisdiction to summarily dispose of the issues raised by the facts existing before the court. It is in the protection and the proper exercise of the court's power and purpose to cover in one proceeding the acts committed by its own employees and the speedily marshalling of all assets in order to resolve all conflicts and administer the estate for the benefit of its creditors.

Nor is jurisdiction properly within the domain of the Bankruptcy Referee removed therefrom because the Referee

**562**

is called upon to grapple with difficult questions of state law. The Bankruptcy Act provides petitioner with appellate safeguards to protect against possible error. Nor do we find persuasive respondent's distinction that this issue arises from the contract "ex delicto" rather than "ex contractu." That a crime was involved does not negate the fact that Wilkes did not fulfill its contractual duties to the trustee. The bankruptcy trustee should not have to forfeit jurisdiction he might otherwise possess because a tortious act has been committed in addition to a contractual breach.

Having given due consideration to all the cases and arguments presented, the court sees no reason to overturn the decision of the Referee. Therefore, the findings of fact and conclusions of law of the Referee are affirmed.