**In re ALAN WOOD STEEL COMPANY, Debtor.**

**Edward J. DWYER and Harry S. Sylk, Receivers, Plaintiff,**

v.

**BIBB STEEL AND SUPPLY CO., INC., Defendant.**

**Bankruptcy No. 77–930EG.**

United States Bankruptcy Court, E. D. Pennsylvania.

Nov. 7, 1979.

Nathan Lavine, Adelman & Lavine, Philadelphia, Pa., for receivers and plaintiff.

Hubert C. Lovein, Jr., L. Lin Wood, Jr., Jones, Cork, Miller & Benton, Macon, Ga., for defendant.

John S. Estey, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for debtor.

Fell, Spalding, Goff & Rubin, Philadelphia, Pa., Sklar, Pearl, Lichtenstein & Sklar, Philadelphia, Pa., for Creditiors' Committee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

We have before us the motion of the defendant, Bibb Steel and Supply Co., Inc., ("Bibb Steel") to dismiss a complaint filed by the receivers of Alan Wood Steel Co., ("the receivers") seeking to recover $3,302.36 for steel products sold and delivered by the receivers to Bibb Steel. Since Bibb Steel is a Georgia-based company with no ties in this district other than its contract with the receivers, and since Bibb Steel contends that it has neither expressly nor impliedly consented to this court's jurisdiction, Bibb Steel contends that this court lacks jurisdiction to hear the plaintiff's claim in what amounts to an action *in personam.*

This motion is factually and legally similar to a motion denied by this court in *Penn Fruit Co., Inc. v. Philadelphia Coca-Cola Bottling Company*, 15 CBC 753. In keeping with that ruling, therefore, Bibb Steel's motion will be dismissed.

For the purposes of a motion to dismiss for lack of jurisdiction, we must accept the facts as pleaded in the complaint to be true. *Walker Process Equipment v. Food Machinery & Chemical Corp.*, 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247, and such facts must be viewed in light most favorable to the plaintiff; *Sinclair Refining Co. v. Atkinson* (CA7) 290 F.2d 312. Those facts are: that on July 28, 1977, in the course of operating the debtor's business, the receivers sold and delivered merchandise to Bibb Steel for $3,302.26. Despite demand, payment has not been made.

As stated, the facts surrounding this motion parallel the facts in *Penn Fruit.* There, the defendant, Coca Cola, demanded and received from the debtor in possession a $25,000 deposit against nonpayment for future purchases while the debtor corporation was in Chapter XI. Upon termination of the debtor's business, a $17,775 balance allegedly remained on deposit. The debtor in possession then sued in the bankruptcy court to recover the said balance and Coca Cola filed a motion to dismiss for lack of jurisdiction.

That the facts in *Penn Fruit* involved an alleged failure to return a deposit whereas the facts here involved an alleged failure to pay for goods sold and delivered is, to us, an irrelevant distinction. Both deal with contracts with officers of this court and as such the contracts are treated as contracts with the court itself. The case of *In re California Eastern Airways*, 95 F.Supp. 348, 351 (D.Del.1951), puts it clearly:

> With respect to contracts made by trustees, debtors in possession and other officers of the bankruptcy court, the necessity of the court retaining exclusive jurisdiction over matters arising out of such contracts is even more pronounced than in the case of other matters arising during the administration of a bankrupt estate. The courts have therefore adopted an extreme position with respect to this and have ruled that a party contracting with an officer of the court in fact contracts with the court itself, and by such act *subjects himself for the purposes of the contract to the summary jurisdiction of the court: In re Hollingsworth & Whitney Co.* (CA1) 242 F. 753; *Governor Clinton Co. v. Knott* (CA2) 120 F.2d 149; *In re Gillespie Tire Co.* (D.S.C.) 54 F.Supp. 336; *In re Sobod, Inc.* (D.N.Y.) 25 F.Supp. 344. (Emphasis added).

The court explained that "necessity" as follows:

> If this jurisdiction over the administration of the estate of a bankrupt or a debtor were surrendered by courts of bankruptcy, the result in many cases might well be utter confusion, since hundreds of issues which may arise in one simple bankruptcy proceeding might each be tried in a separate forum, resulting in inconsistent determinations and intermi-

nable delays. For this reason, the courts of bankruptcy have been jealous to guard their jurisdiction and to retain full control and power over proceedings in bankruptcy: *United States Fidelity & Guaranty Co. v. Bray*, 225 U.S. 205, 32 S.Ct. 620, 56 L.Ed. 1055.

Despite what appears to us to be the crystal clear law on this issue, Bibb Steel contends that the bankruptcy court can only exercise summary jurisdiction over property within its possession. Since, it claims, there is no *res* in the possession of the court, it seeks dismissal for lack of jurisdiction. The court in *Jackson v. Moore*, 348 F.2d 437, 441 (5th Cir. 1965) answered a similar contention:

Slipping into the familiar challenge to summary jurisdiction, Jackson asserts that the Bankruptcy Court had no power since the underlying subject . . . was not in the custody of the Bankruptcy Court. . . .

Our problem is not one of custody but of contracts made with the bankruptcy estate through the Bankruptcy Court. . .

The Court had summary jurisdiction to dispose of any controversies affecting the bankrupt estate arising out of the terms of the contract with the trustee.

Thus, this court has summary jurisdiction over the instant controversy even though Bibb resides out of this district and has not expressly consented to the jurisdiction of this Court. The "general principle of law" summarized in *In re F. W. Koenecke and Sons, Inc.*, 369 F.Supp. 558, 561 (N.D.Ill. 1973) is that

one who contracts with a trustee or receiver in bankruptcy contracts with the court itself and submits himself to the jurisdiction of that court for all purposes flowing out of the contract . . . *Governor Clinton Co. v. Knott*, 120 F.2d 149, 152 (2d Cir. 1941) (other citations omitted).

It should be pointed out that the cases Bibb Steel cites to support his position are inapposite and have no precedential value since they concern dealings between defendants and debtors, as opposed to dealings between defendants and receivers or trustees. Hence the debts in the cited cases involve obligations prior to the bankruptcy proceedings and were not "contracts with the court itself." Compare *Bovay v. H. M. Byllesky and Co.*, 88 F.2d 990 (5th Cir. 1937); *United States v. Tacoma Oriental S. S. Co.*, 86 F.2d 363 (9th Cir. 1936), with *Jackson v. Moore*, 348 F.2d 437 (5 Cir. 1965), *Governor Clinton Co. v. Knott*, 120 F.2d 149 (2d Cir. 1941); *In re Hollingsworth and Whitney Co.*, 242 F. 753 (1 Cir. 1917); *In re F. W. Koenecke and Sons, Inc.*, 369 F.Supp. 558 (N.D.Ill.1973); *In re California Eastern Airways, Inc.*, 95 F.Supp. 438 (D.Del.1951).

On a final note, it appears to us that Bibb Steel incorrectly relies on 8 Collier Bankruptcy § 3.03(4) on the issue of extra-territorial issue of process. Collier states that, under Section 23 of the Bankruptcy Act, *plenary* actions over property of a debtor are not within the extended jurisdiction of the bankruptcy court, "where the debtor, or his receiver or trustee, is merely seeking payment of a debt."

In the case at bar, however, summary jurisdiction is being exercised to collect a debt which arose in a controversy arising in the arrangement proceeding. Hence, 8 Collier § 3.03(2) is more on point:

Where the Chapter XI court is dealing with property of the debtor, whether by way of interlocutory relief or of determination of final rights, it has the power to issue its process for service outside the district. It is immaterial in that situation that the property is located outside the district or that it is held under adverse claim. Where there is jurisdiction to proceed summarily with respect to property, whether in a "proceeding in bankruptcy" or in a "controversy arising in proceedings in bankruptcy," the Chapter XI court has extra territorial powers of process.