**In re VICTOR DYE WORKS, INC., Debtor.**

**John P. JUDGE, Receiver, Plaintiff,**

**v.**

**Edward and Pauline DIAMOND, Defendants.**

**Bankruptcy No. 78–127WK.**

United States Bankruptcy Court, E.D. Pennsylvania.

May 6, 1985.

As Amended May 23, 1985.

Jon M. Adelstein, Philadelphia, Pa., for debtor.

Ivan Wille, Philadelphia, Pa., for defendants.

Mark A. Kompa, Esq., Philadelphia, Pa., for receiver/plaintiff.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This is an adversary proceeding under the Bankruptcy Act ("Act") brought by the Receiver against a former officer of the debtor corporation and his wife. The complaint alleges that the defendants committed fraud upon the Receiver, the estate, and the estate's creditors. The defendants have moved to dismiss the complaint, *inter alia*, on jurisdictional grounds. For the reasons stated herein, the motion to dismiss will be denied as to defendant Edward Diamond and granted as to defendant Pauline Diamond.

The defendants contend that the complaint should be dismissed for several reasons. First, it is argued, this Court lacks summary jurisdiction over the defendants because we are a Court of special jurisdiction without authority to adjudicate matters which are predicated upon fraudulent acts of individuals.

For the purposes of a motion to dismiss for lack of jurisdiction, we must accept the facts as pleaded in the complaint to be true. *Walker Process Equipment Inc. v. Food Machinery & Chemical Corp.*, 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965); *Dwyer v. Bibb Steel and Supply Co.* (In re Alan Wood Steel Co.), 1 B.R. 167, 168 (Bankr.E.D.Pa.1979); 2A *Moore's Federal Practice* ¶ 12.08 (2d ed. 1982). The allegations of the complaint must be viewed in the light most favorable to the plaintiff. *Sinclair Refining Co. v. Atkinson*, 290 F.2d 312, 317 (7th Cir.1961). A Court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Hishon v. King & Spalding*, —— U.S. ——, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984); *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

The facts as pleaded in the complaint are as follows:

Victor Dye Works, Inc. ("debtor") filed a petition under Chapter XI of the Act on February 3, 1978. On February 6, 1978, John P. Judge was appointed Receiver of the estate with authority to "employ ... all managers, agents and employees of the Debtor ...".

Edward T. Diamond and his wife, Pauline Diamond, are the defendants in this proceeding. Prior to the filing of the Chapter XI petition, Mr. Diamond was President and Chief Operating Officer of the corporation. After the filing of the petition, the debtor remained in possession of its assets and continued in operation. From February, 1978, until February, 1985, Mr. Diamond was employed by the Receiver to run

the day-to-day operations of the debtor.[1] He was permitted to retain the title of President and Chief Operating Officer.

The Receiver's cause of action against Mr. Diamond arises out of the alleged failure of Mr. Diamond to pay certain tax obligations of the debtor as they became due. The Receiver contends that Mr. Diamond fraudulently misrepresented to him on several occasions that these taxes would be paid or had been paid, and further, that Mr. Diamond fraudulently concealed from him the fact that these taxes had not been paid. As a result of the non-payment of taxes, the estate incurred substantial additional tax, interest and penalties which otherwise would not have accrued had the Receiver been aware of the non-payment of taxes. The amount of post-petition tax owed by the debtor as of August, 1984, was estimated at $278,559.62.

It is further alleged in the complaint that defendant, Edward Diamond, violated the Pennsylvania Uniform Fraudulent Conveyance Act, Pa.Stat.Ann. tit. 39, §§ 354, 356, and 357 (Purdon 1921), by transferring stock he owned in Seaview Country Club to his wife, Pauline Diamond, without fair consideration, and with an intent to hinder, delay or defraud his creditors.

In support of their motion to dismiss for lack of jurisdiction, defendants cite several cases for the proposition that the Bankruptcy Court is a court of limited jurisdiction under the Bankruptcy Act, and as such, lacks jurisdiction over *in personam* suits for tortious or malicious injury. *In re Love B. Woods & Co.*, 222 F.Supp. 161 (S.D.N.Y.1963) (powers conferred upon courts of bankruptcy by the Bankruptcy Act do not make them courts of general jurisdiction to hear and determine controversies not properly part of a bankruptcy proceeding. *In re State Financial Services, Inc.*, 432 F.Supp. 129 (M.D.La.1977)

(bankruptcy court acted properly in not exercising jurisdiction over suit brought by debtor against another corporation alleging misrepresentations and falsehoods contained in application for appointment of receiver). However, none of the cases cited involved a factual situation where the alleged tortfeasor was employed by the Receiver, and the alleged wrongful acts occurred in the operation of the estate's business.

The case of *Governor Clinton Co. v. Knott*, 120 F.2d 149 (2d Cir.1941), *appeal denied*, 314 U.S. 701, 62 S.Ct. 50, 86 L.Ed. 561, properly addresses the jurisdictional issue raised by this proceeding. In *Governor Clinton*, there was a secret agreement between a company employed to manage the corporate debtor and the debtor's officers and attorney. The agreement provided for the officers and attorney to share in the fee paid to the management company by the estate. The Court of Appeals for the Second Circuit held that the summary jurisdiction of the bankruptcy court could be invoked where a fraud had been perpetrated on the estate by officers of the debtor and the debtor's attorney:

> But summary jurisdiction may be invoked for purposes other than to protect property within the actual or constructive possession of the court. Here a contract was made with the debtor in possession and a fraud worked on its estate through a common conspiracy among the respondents. This amounts to a fraud and imposition upon the court itself; and in such cases the court undoubtedly has summary jurisdiction to protect itself and the interests of the persons and property within its custody. Bankruptcy Act, §§ 2, 23, 11 U.S.C.A. §§ 11, 46.

*Id.* at 152.

The Court further observed that:

> less, it is clear that the Receiver was authorized to "employ and discharge and fix the compensation of all managers, agents and employees of the Debtor ..." pursuant to the Court's Order of February 6, 1978, appointing the Receiver, and that the Receiver did, in fact, employ Diamond from February of 1978 until February of 1985.

1. An Order was entered by this Court on February 10, 1978, specifically authorizing the Receiver to employ Edward Diamond and Thomas Diamond at specified salaries for a period not to exceed thirty (30) days. The defendant, Edward Diamond, argues on the basis of this Order that his employment technically expired thirty (30) days after this Order was entered. Neverthe-

Such enforcement of contracts made with the court's officers, or remedy for fraud in the execution or performance of them, is a necessary step in the proper administration of the estate, and well within the powers of a bankruptcy court acting essentially as a court of equity. (citations omitted).

*Id.* at 153.

Other Courts have followed the rule of law enunciated in *Governor Clinton, see, e.g., In re F.W. Koenecke & Sons, Inc.,* 369 F.Supp. 558 (N.D.Ill.1973); *In re California Eastern Airways,* 95 F.Supp. 348 (D.Del.1951); *Alan Wood Steel, supra.* In *Koenecke,* the United States District Court for the Northern District of Illinois upheld a Referee's ruling that the Bankruptcy Court had summary jurisdiction to determine whether an accounting firm retained by court order was liable to the estate for the criminal acts of one of its accountants. The Court summarized the applicable rule of law:

The general principle of law relied upon by the Referee that "one who contracts with a trustee or receiver in bankruptcy contracts with the court itself and submits himself to the jurisdiction of that court for all purposes flowing out of the contract" is well supported. (citations omitted)

．　．　．　．　．

While it is clear that the courts of bankruptcy are limited to jurisdiction over property in the actual or constructive possession of the court, it is equally clear that the jurisdiction over parties, once acquired by consent or otherwise, is retained for all purposes....

It is not an arbitrary or invalid extension of its bankruptcy court jurisdiction to summarily dispose of the issues raised by the facts existing before the court. It is in the protection and the proper exercise of the court's power and purpose to cover in one proceeding the acts committed by its own employees and the speedi-ly marshalling of all assets in order to resolve all conflicts and administer the estate for the benefit of its creditors. *Id.* at 561.

The principle of law stated in these cases is applicable to this case because the defendant, Edward Diamond, was employed by the Receiver post-petition to operate the debtor corporation, and the complaint alleges that he committed a fraud upon the Receiver, the estate, and the estate's creditors. A party who contracts with an officer of the Court in fact contracts with the Court itself, and by such act subjects himself to the summary jurisdiction of the Court for the purposes of the contract. *California Eastern Airways,* 95 F.Supp. at 351; *Alan Wood Steel,* 1 B.R. at 168. Therefore, we hold that this Court has summary jurisdiction to decide the allegations against Mr. Diamond.

The same principle of law would be applicable to Pauline Diamond if it was established that she was employed by the Receiver after the bankruptcy petition was filed. However, the plaintiff did not allege this fact in the complaint. In a memorandum of law filed with the Court in response to defendants' motion to dismiss, the plaintiff asserts that Mrs. Diamond was, in fact, an employee of the debtor after the petition was filed, and therefore, the Court should retain jurisdiction over her as well. For the purposes of the motion to dismiss, we may consider only the facts that are alleged in the complaint. Therefore, we will dismiss the complaint without prejudice as to Pauline Diamond, but allow the plaintiff ten (10) days in which to amend the complaint to show that Mrs. Diamond was employed by the Receiver. At that time, we will reconsider our ruling as to her.

The defendants next argue that the matters raised in the Receiver's complaint are not ripe for adjudication.

The doctrine of ripeness is drawn from both Article III limitations on judicial pow-

er and discretionary reasons of policy for refusing to exercise power. The central concern of both power and discretion is that the tendered case involves uncertain and contingent future events that may not occur as anticipated or indeed may not occur at all. 13 Wright, Miller & Cooper, *Federal Practice and Procedure* ¶ 3532, pp. 237–38 (1975 & 1980 Supp.). In order for a cause to be considered ripe for adjudication, a party seeking relief in the courts must demonstrate a "personal stake in the outcome", *Baker &. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962), and must be able to assert that he or she is in immediate danger of sustaining a direct injury, *Doremus v. Board of Education*, 342 U.S. 429, 72 S.Ct. 394, 96 L.Ed. 475 (1952). The action complained of must be sufficiently final that the legal issue involved can be decided in the context of a concrete case, and not a mere hypothetical injury. *Joint Anti-Fascist Committee v. McGrath*, 341 U.S. 123, 154, 71 S.Ct. 624, 639, 95 L.Ed. 817 (Frankfurter, J., concurring) (1951).

The following relief is requested by the Receiver in the matter before us. First, the Receiver seeks a judgment against Edward Diamond in the amount of the debtor's post-petition tax obligations which remain unpaid to the appropriate tax authorities upon the liquidation of the estate. Second, punitive damages against Edward Diamond are requested. Third, the Court is asked to issue an order directing that the proceeds from the sale of the Seaview Country Club stock received by Pauline Diamond be used to satisfy any judgment. Fourth, the Receiver asks for indemnification from Edward Diamond in the event that he is held personally liable for the post-petition tax obligations of the debtor pursuant to 28 U.S.C. § 960.

In the motion to dismiss, defendants argue that "... this matter is not ripe for determination there being no case or controversy. As of the date of this Motion, plaintiff has suffered no injury or loss and is merely making allegations as to anticipatory or possible loss in the future". Defendants further argue that the amount of tax owed has decreased since the complaint was filed, and will further decrease as more receivables are collected and applied toward the outstanding tax liabilities. We are not convinced by defendants' arguments. If the matters alleged in the complaint are proven to be true, the estate and its creditors have already been harmed as a direct result of the defendants' actions. Fewer funds are available for distribution to creditors now because of the accrual of post-petition tax, interest and penalties. These obligations may have been avoided if the Receiver had been aware of the deficiencies in estate funds before the additional interest and penalties began to accrue. Furthermore, we are not precluded from entertaining this suit merely because the exact amount of damages was unknown at the time of the filing of the suit. The burden will be on the plaintiff to prove not only the allegations of the complaint but also the appropriate forms of relief and the amount of damages. We conclude that the issues raised are ripe for determination.

■ Having disposed of the defendants' arguments regarding jurisdiction and ripeness, one final issue must be addressed. In the motion to dismiss, defendants argue that the complaint fails to state a cause of action. This argument must also be rejected. Rule 9 of the Federal Rules of Civil Procedure provides that: "In all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity." Fed.R.Civ.P. 9(b); *see also Gelrod, Fox & Co. v. Grossman (In re Grossman)*, 46 B.R. 319 (Bankr.E.D.Pa.1985).

We find that the complaint sufficiently states the circumstances surrounding the alleged fraud, and sets forth a valid cause of action against defendant Edward Diamond. For all of the above reasons, the motion to dismiss is denied as to defendant Edward Diamond and granted as to defendant Pauline Diamond.